101 So.2d 550

**STATE of Alabama.**

v.

**J. P. CARTER et ux.**

**7 Div. 377.**

Supreme Court of Alabama.

March 20, 1958.

348

John Patterson, Atty. Gen., and E. L. Roberts, Special Asst. Atty. Gen., for appellant.

Ollie W. Nabers, Jack W. Torbert and Clarence Simmons, Jr., Gadsden, for appellees.

PER CURIAM.

This is an appeal by the State of Alabama from a final order of condemnation of land for the construction of a highway in Etowah County. The judgment was rendered on April 17, 1957 by the circuit court on appeal to that court from a decree of condemnation by the probate court rendered on December 14, 1956.

On August 18, 1956 an application by the State of Alabama to condemn the right of way was filed in the probate court. On October 9, 1956 the probate judge appointed commissioners as provided in section 11, Title 19, Code. On October 30, 1956 the commissioners made their report with reference to the property here involved. On December 14, 1956 the judge of probate entered a decree confirming the report of the commissioners and fixing the sum of $11,-650 as the amount of compensation and damages the owners were entitled to receive. The decree declared that said amount had been deposited in money in that court by the State and that all the provisions of Chapter 1, Title 19, Code, had been complied with.

On December 26, 1956, J. P. Carter and Ruth Carter, the property owners, appealed to the circuit court. Section 17, Title 19. On January 3, 1957, the probate judge approved a bond given by the State in accordance with section 18, Title 19. On April 17, 1957 the proceeding was heard by a jury and a verdict and judgment rendered fixing the amount of compensation and damages at $14,675. From that judgment the State prosecutes the appeal here under consideration.

Assignments of error 1 and 5 relate to the overruling of the State's motion for a new trial. Assignment 4 is an exception to a portion of the court's oral charge to the jury. Assignments 2 and 3 relate to the introduction of evidence.

We shall first consider assignments 2 and 3, which are as follows:

"2. For that the court erred in admitting testimony by the defendant pertaining to a proposed location of a sewer or sewerage system to be installed near the defendant's property at a time subsequent to the time of condemnation of said property.

"3. For that the court erred in allowing into evidence, on cross examination by the defendant, testimony pertaining to the relative cost of installing a septic tank and a connection to a sewerage system which did not exist on said property on the time of the taking."

We think these assignments are insufficient in not complying with Supreme Court Rule No. 1, Code 1940, Tit. 7 Appendix. Counsel must "designate in his assignment of error the particular errors of which he would have revision". Kinnon v. Louisville & Nashville R. Co., 187 Ala. 480, 65 So. 397, 398; National Fertilizer Co. v. Holland, 107 Ala. 412, 18 So. 170; Craig & Co. v. Pierson Lumber Co., 169 Ala. 548(2), 53 So. 803; Purvis v. Ennis, 258 Ala. 174(3), 61 So.2d 451. The rule contemplates that the assignment will specify precisely the particular ruling sought to be reviewed, not simply refer to a group of rulings described in general terms. The matter referred to seems to have been evidence introduced—some without objection and without a ruling. We therefore cannot give attention to the merits of the contention sought to be applied by those assignments of error.

The fourth assignment of error relates to an exception taken by appellant to a portion of the oral charge to the jury, as follows: "You may take into consideration the effect of proposed improvements, that is your sewerage, would have on the market value of that property". This refers to a system of sanitary sewerage proposed to be constructed by the City of Gadsden, which will serve the lots sought to be condemned.

There is no mention made of charging the cost of the system to the adjoining property owners, including the lots here in question. We shall presume that it is not proposed to be so charged.

■ The judge had just charged the jury as follows: "In determining what is just compensation to the landowners, you are to consider what is the fair, cash value of the property, in the market on the day the property was condemned". There was no exception to that feature of the charge. The portion to which exception was taken did not fix a time when the value should be determined. It merely meant that the jury was justified in considering the status of the sewerage project insofar as it affected the value of the property. We think that it was not error to instruct the jury to consider any circumstances which affected the value of the property. See, Alabama Central R. Co. v. Musgrove, 169 Ala. 424 (3), 53 So. 1009. We do not see reversible error in thus charging the jury.

Assignments of error 1 and 5 relate to the refusal to grant the motion for a new trial based on the ground that the amount of the verdict and judgment is contrary to the great weight of the evidence. Section 764, as amended, Title 7, pocket part Code; section 276, Title 7, Code.

■ The evidence on that subject consists principally of the testimony of three commissioners who had been appointed and who acted in the probate court. Their testimony supported the valuation which they had fixed as commissioners. While the report of the commissioners is not evidence of values on the trial when an appeal is taken to the circuit court (Housing Authority of Phenix City v. Stillwell, 241 Ala. 420, 3 So.2d 55), they are competent witnesses if they qualify as such. The property owners did not offer witnesses as to the proper amount of just compensation; but the State did. The evidence of such witnesses in the main supported the report of the commissioners which fixed the amount at $11,650. The jury viewed

the premises, and were not bound by the estimate of the witnesses. Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813. A view of the premises and their surroundings and considering the prospects of a sanitary sewerage system available without cost of construction chargeable to the adjoining property owners, all serve to add to the value of the verdict of the jury. When the court overrules a motion for a new trial as being contrary to the great weight of the evidence given ore tenus before the same judge, it adds much value to the verdict of the jury notwithstanding a statute to the contrary, Section 764, as amended, Title 7, supra; Price v. Price, 199 Ala. 433, 74 So. 381; Alabama Power Co v. Henson, 237 Ala. 561(22), 187 So. 718. A mere preponderance of the evidence as to value is not controlling. We cannot say there was error in overruling the motion for a new trial.

■ This Court has held that the proper form of the judgment is to provide in it that condemnation be effective on payment of damages and compensation as assessed by the jury. It is not necessary to wait until the money is deposited before making the order. But the order should provide that condemnation shall be effective upon payment of the amount thus fixed. A personal judgment should not be rendered against the petitioner. State ex rel. City of Mobile v. Williams, 222 Ala. 274, 132 So. 321; Mobile & Ohio R. Co. v. Hester, 122 Ala. 249, 25 So. 220; Midland R. Co. v. Newton, 94 Ala. 443, 10 So. 89. This is especially true when the judgment is against the State. Sections 14 and 213, Constitution.

■ Although that contention is not here made by appellant, it is our duty to take note of that feature of the judgment which the court has no power to render. The judgment should be modified by order of this Court so that it will provide that condemnation shall be effective upon payment of $14,675, less $11,650 already paid, and the payment of the costs of this cause into the Circuit Court of Etowah County for dis-

tribution as required by law. As modified the judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.