112 So.2d 480

STATE of Alabama

v.

J. Frank LONG.

3 Div. 854.

Supreme Court of Alabama.

May 28, 1959.

Robt. H. Jones, Sp. Asst. Atty. Gen., and J. B. Nix, Jr., Evergreen, for appellant.

Edwin C. Page, Jr., Evergreen, for appellee.

GOODWYN, Justice.

This case was commenced in the Probate Court of Conecuh County where the State instituted a condemnation proceeding against defendant J. Frank Long. The Probate Court condemned certain lands owned by the defendant granting the State a right-of-way for a public highway. The State then appealed to the Circuit Court of Conecuh County where the case was tried de novo before a jury. Prior to the trial, the parties stipulated that the sole issue to be submitted to the jury was the amount of damages and compensation, if

any, to which the defendant was entitled as a result of the condemnation. The jury found in favor of the defendant and assessed his damages at $1,350. Judgment on said verdict was duly rendered. Thereafter, the court overruled the State's motion for a new trial. The State then brought this appeal.

All of the assignments of error argued by appellant deal with rulings on the admission of evidence except No. 13, which charges error in the giving of Long's requested charge A, as follows:

"The Court charges the jury that under the evidence you must find for the Defendant and may not set his damages at less than eight hundred dollars."

We are at the conclusion it was reversible error to give charge A, thus rendering it unnecessary to discuss the other assignments. The questions presented by the other assignments probably will not arise in the same manner on another trial.

■ Charge A, in effect, is a peremptory charge directing a verdict in favor of Long for not less than $800, the lowest estimate testified to. As said in Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 655, 144 So. 813, 816:

"To say that the testimony of any witness is conclusive upon the jury clearly invades its province to pass upon the credibility of the witness. * * *"

■ There is another reason why it was error to give charge A. At Long's request the trial court permitted the jury to view the premises. We have held, when that is done, that the jury is not bound by the estimate of damages of the witnesses. State v. Carter, 267 Ala. 347, 350, 101 So. 2d 550.

The fact that the jury returned a verdict for more than $800 does not cure the error in giving charge A.

■ Examination of the record discloses that the trial court, in its oral charge, also charged the jury to the same effect as it did in giving requested charge A. No objection was made to the oral charge. But we do not think that fact should preclude appellant from insisting on error in the giving of Long's requested charge A. See City of Birmingham v. Estes, 229 Ala. 671, 673–674, 159 So. 201, 97 A.L.R. 114.

Under the circumstances of this case, we are unwilling to apply the doctrine of "Error without Injury." Rule 45, Revised Rules of the Supreme Court, 261 Ala. XXXVII, Code 1940, Tit. 7 Appendix.

The judgment appealed from is due to be reversed and the cause remanded. So ordered.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.