137 So.2d 752

**J. P. GORDON et ux.**

v.

**STATE of Alabama.**

6 Div. 675.

Supreme Court of Alabama.

Feb. 1, 1962.

Jack Martin Bains, Oneonta, for appellants.

Hugh A. Nash, Sp. Asst. Atty. Gen., for appellee.

SIMPSON, Justice.

This is a condemnation proceeding in Blount County, seeking the condemnation of certain lands of appellants for the purpose of constructing a new state highway between Oneonta and Birmingham, Alabama. Appellants, being dissatisfied with the amount awarded them, appealed the case to the Circuit Court of Blount County where a trial de novo was had. Prior to the trial, the parties stipulated that the sole issue to be submitted to the jury was the amount of damages and compensation, if any, to which the appellants were entitled as a result of the condemnation. The jury returned a verdict in favor of appellants and fixed the compensation due them. A judgment was entered on such verdict. Appellants, still being dissatisfied with the amount of the award, thereupon filed a motion for a new trial which was overruled. They now bring this appeal.

Some eighteen errors are assigned. Primarily, these assignments conveniently fall into three categories, each of which deals with the same question of law. First are the assignments of error dealing with the admission of evidence. Secondly, assignments of error 4 and 10 charging the lower court with improper remarks during the trial. No objection was taken, or exception reserved, by the appellants to these statements of the court; hence, our review is not invited. State v. Boyd, 271 Ala. 584, 126 So.2d 225. Thirdly, assignments of error connected with the trial court's refusal to grant a new trial, the basis of which was

the inadequacy of the damages awarded and the contention that the verdict rendered was against the great weight of the evidence. We see no reason to treat each assignment separately. It has long been established that this court will not search for error not specifically assigned and argued in brief (which seems to be the case here), but merely touched upon in general propositions and without specific application. Suits v. Glover, 260 Ala. 449, 71 So.2d 49, 43 A.L.R.2d 465.

■ The question to be determined in this case is the reasonable market value of the land. The principal argument of the appellants concerns the propriety of the testimony of the several witnesses. The value of the land taken as reflected by their testimony was at great variance, ranging above and below the amount awarded by the jury. In addition, the jury itself viewed the land in question. In such a case the testimony of any witness is not conclusive upon the jury. State v. Long, 269 Ala. 270, 112 So.2d 480; State v. Carter, 267 Ala. 347, 101 So.2d 550.

■ Appellants argue strenuously the rulings of the trial court on questions put to various witnesses, which in the main relate to their competency to express opinions as to the value of the condemned land. Such inquiries are addressed to the sound discretion of the trial court, and its decision will not be reversed on appeal except for palpable abuse. State v. Johnson, 268 Ala. 11, 104 So.2d 917. No such abuse is made to appear in these rulings.

■ As for other rulings on the evidence, while not conceding them to be erroneous, we find nothing in the record showing prejudice to the appellants. It is the burden of the appellants not only to show error but to show probable injury. Forest Investment Corp. v. Commercial Credit Corp., 271 Ala. 8, 122 So.2d 131.

The conclusion is inescapable that there was no error in the trial court's overruling the motion for a new trial on the weight of the evidence, the subject of the last group of assignments. In Stokely-Van Camp, Inc. v. Ferguson, 271 Ala. 120, 122 So.2d 356, it was said:

"The sole question presented by these * * * assignments of error is whether or not the verdict and the judgment are supported by the preponderance of the evidence. Verdicts are presumed to be correct and no ground for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. * * * courts should be careful not to infringe the right of trial by jury and should bear in mind that it is the exclusive province of the jury to determine the credibility of witnesses, to weigh the testimony and find facts from that testimony."

We are unable to improve on our remarks contained in Pappas v. Alabama Power Co., 270 Ala. 472, 119 So.2d 899:

"The respective tendencies of the evidence were at great variance. Because of practical considerations in trying cases of this type, keeping in mind that the jury hearing the issue must analyze the evidence in the light of its common knowledge and must arrive at its verdict by reconciling the various opinions as best it can, it is generally recognized that the conclusion of the original trier of fact, the court or the jury, who saw and heard the witnesses and observed their conduct and demeanor on the stand is entitled to great weight. Rountree Farm Co. v. Morgan County, [249 Ala. 472, 31 So.2d 346] supra. The governing rule which is applied in such reviews is most apposite here. As stated in Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 549, 7 A.L.R.2d 773:

" 'The verdict of the jury and the ruling of the trial court refusing to set it aside on such ground will not be overturned unless it clearly appears that

the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive, and that the excessiveness of the verdict was the result thereof. In other words, unless the amount is so large or so small as to carry internal evidence of intemperance in the minds of the jury the verdict must stand. * * *

"'On this issue the courts approve the principle that when the presiding judge refuses to grant the new trial, the favorable presumption attending the verdict of the jury is thereby strengthened. Birmingham Electric Co. v. Howard, [250 Ala. 421, 34 So.2d 830] supra.'"

We are unable to pronounce error in the refusal of the trial court to grant the new trial on the weight of the evidence.

In our view the appellants have failed to show substantial error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.