197 So.2d 272

**SCOTT PAPER COMPANY et al.**

v.

**STATE of Alabama.**

**I Div. 348.**

Supreme Court of Alabama.

March 2, 1967.

Rehearing Denied April 13, 1967.

Hardy B. Smith, of Gaillard, Wilkins & Smith, Mobile, for appellants.

Tyson, Marr & Friedlander, Mobile, for appellee.

SIMPSON, Justice.

This is an appeal by the landowner from a judgment rendered on a jury verdict in a condemnation case. Condemnation proceedings in connection with the construction of Interstate Highway 65 were commenced by the State in the Probate Court of Mobile County condemning some 39.49 acres for a right of way, together with two drainage easements encompassing approximately 5 acres, and three separate muck easements encompassing approximately 10 acres. The proceedings in the Probate Court culminated in an award made by three commissioners appointed in accordance with the state of $101,000. The State appealed the case from the Probate to the Circuit Court where a jury returned a verdict for the landowner in the amount of $50,000. The appellant filed motion for new trial and was denied. This appeal followed.

Appellant has made some 17 assignments of error, not all of which are argued, and several of which are argued in bulk. In assignments numbered 1 through 6 and assignment No. 8, appellant argues that the trial court erred in giving certain written charges requested by the State, which it is contended conflict with the court's oral charge.

The court gave, at the request of the State, the following written charges:

Charge Number One:

"I charge you, Gentlemen of the Jury, that if any compensation is to be awarded the Respondents in this case, it is the difference between the reasonable market value of the entire subject property of the Respondents immediately before the taking, and the reasonable market value of the property remaining after the acquisition, taking into consideration any damages or enhancement arising from the planned construction."

Charge Number Fifteen:

"I charge you, gentlemen of the Jury, that you cannot award the Respondent compensation for any enhancement their property may derive from the construction contemplated in this case."

■■ The giving of these two charges, the appellant argues, worked to the prejudice of appellant, because there was no evidence of any enhancement in the case. It is not contended that these two charges are not correct statements of the law. In fact, they are correct statements.—State v. Boyd, 271 Ala. 584, 126 So.2d 225. But, the appellant argues, the charges should have been refused because they are abstract and allude to an issue not in the case. Further, appellant says these two charges conflict with statements made by the court in its oral charge. There the court specifically pointed out to the jury that "there is no testimony as to enhancement in value, so you don't have to consider that in this case—that is enhancement in value to the remainder, because there is no testimony as to any enhancement at all, you can forget that proposition."

■■ Appellant contends that the two charges set out when considered with the oral charge of the court present contradictory instructions to the jury and hence it was error to give these charges. We think appellant has misconstrued the cases. It is true that we have said that a trial court correctly refuses a charge when it contains an element not in the case, here enhancement, and that error cannot be predicated on the refusal of such a charge. —State v. Boyd, supra. However, this does not mean that error is necessarily predicated on the giving of instructions which include an element not in the case, particularly as here, where the court in its oral charge expressly points out to the jury that that very element is not involved and should not be considered. It seems to us that the court's oral charge cleared up any confusion which might have existed in the minds of the members of the jury on the point. Further, we cannot agree with appellant's contention that the charges conflict with the court's oral charge, making it impossible to discern which instruction was followed.— Alabama Power Company v. McIntosh, 219 Ala. 546, 122 So. 677.

■■ There is another compelling reason why we cannot reverse this case on these contentions of appellant. We have repeatedly held that the appellant has the burden not only to show error, but to show that he was injured thereby. We fail to see that any injury is involved in giving the charges complained of.—State v. Johnson, 268 Ala. 11, 104 So.2d 915; Shelby County v. Baker, 269 Ala. 111, 110 So.2d 896; Gordon v. State, 273 Ala. 213, 137 So.2d 752. Further, the charges complained of may be abstract but this will not work reversible error unless it affirmatively appears that the complaining party was injured thereby and further that explanatory charges were requested and refused.—Klein v. Harris, 268 Ala. 540, 108 So.2d 425.

■■ It is next argued that the court erred in giving at the request of the State the following charge:

Charge Number Eleven:

"I charge you, Gentlemen of the Jury, that the power to take property for a public use is inherent in our government. The Constitution of the State of Alabama 1901, Section 23, limits this inherent power only to the extent that just compensation will be paid for the lands or property condemned and, just compensation is determined by the fair market value of the subject property."

Appellant argues that this charge is abstract and misleading. However, there is nothing to indicate that appellant asked the court to give an explanatory charge (cases supra), which is not to say that we agree with the contention that the charge is misleading. In any event, the court correctly charged the jury in its oral charge on the issue of "just compensation" as used in the portion of the Constitution referred to in this charge:

"Now gentlemen you have one question before you and only one, and that is the question of just compensation, or what damages should be awarded to the prop-

erty owner. The measure of damages is this, gentlemen, as has been mentioned to you in argument. It is the difference between the reasonable and fair market value of the entire tract immediately before the taking and the reasonable and fair market value of the part of the tract remaining after the taking, taking into consideration any direct enhancement to the part remaining resulting from the planned construction of the road and also taking into consideration any damage to the remainder by virtue of the planned construction of the road. Now that is what the measure of damages is. Now our Supreme Court of Alabama has defined the fair and reasonable market value to be this: It is the price in money the property would bring if offered for sale in the open market by a willing seller, with a reasonable time to find a willing purchaser and that purchaser buying with full knowledge of all the uses to which the property is adaptable, for which it is capable of being used * * *.

"Now gentlemen in considering the measure of damages you have two propositions in determining the total amount of the award. One is just compensation for the property taken and second, the damages, if any, as shown by the testimony, to the remaining property resulting directly from the taking, such as the lessening in value of the remainder, or any part of the tract, the whole thing."

It is appellant's argument that Charge Number Eleven misled the jury in that it did not sufficiently apprise it that an amount could be awarded for damage to the property remaining after the taking. This issue appears to have been adequately covered in the court's oral charge as set out and we cannot reverse on this ground. Further, it is argued that the damage to the remainder of the property is shown when it is made apparent that the taking is for the construction of a limited access highway, the construction of which will sever a portion of the appellant's remaining property. This,

too, was covered in the court's oral charge, as follows:

"Now if this road which is being constructed is a limited or controlled access road, you have another element of damages which you can consider. Direct or indirect access to a highway is a property right existing as to adjacent and abutting land owners and if the evidence reasonably satisfies you that the land owner was deprived of this right by the condemnation, the jury should consider * * *."

It is next insisted that the court erred in giving the following written charge at the request of the State:

Charge Number Fourteen:

"I charge you gentlemen of the Jury that the burden is on the property owner in this case, not only to reasonably satisfy you that their land adjacent to the right of way was damaged, but also to reasonably satisfy you as to the depreciation in the reasonable market value of such adjacent lands and if the property owner failed to reasonably satisfy you as to the amount of such depreciation in value, then you may not award any damages for such adjacent land, and to such adjacent land."

Appellant contends that this charge was erroneously given for that it erroneously places the burden of proof on the condemnee in a case such as this to show depreciation in the value of adjacent lands following a taking in a condemnation case. The foregoing charge is almost precisely the same as one approved by this court in Pappas v. Alabama Power Company, 270 Ala. 472, 119 So.2d 899, where we said "the charge seems to be consonant with the law on the subject". So does the one involved here.

Appellant raises other points which it contends entitles it to a reversal of this case. No purpose would be served by separately stating each of them here. We

merely say this. There was evidence in this case by experts (the qualifications of whom we believe to have been sufficiently established) as to the amount which should be awarded appellant for the lands involved here, including depreciation in value to the lands remaining, compensation for amounts taken for muck easements, etc. The testimony of these experts fixed the amounts at figures ranging from $35,000 to $110,000. The only issue in the case was the amount to be awarded the land owner. Each side was permitted to put on evidence covering each facet of this issue. The case was tried for three days. The jury was adequately instructed. After hearing all of the evidence the jury returned a verdict for $50,000. The trial court refused to grant a motion for new trial. There was evidence on which the verdict could have been returned. We have carefully reviewed the entire record. We cannot find a basis for reversal.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.