225 So.2d 869

**MASSENGALE–MANASTER POULTRY COMPANY, Inc., a Corp.**

v.

**A. C. BURNETT, B. B. Burnett, and J. B. Burnett.**

**6 Div. 565.**

Supreme Court of Alabama.

Aug. 7, 1969.

Walter Joe James, Jr., Haleyville, for appellees.

Carlton Mayhall, Jr., Haleyville, Edward Fowler, Hamilton, O. S. Burke, Greensboro, for appellant.

HARWOOD, Justice.

The record discloses that Massengale-Manaster Poultry Company, Inc., as successor to Massengale Poultry Company, Inc., filed separate suits in the court below against A. C. Burnett, B. B. Burnett, and J. B. Burnett, as endorsers on two separate notes. One note in the amount of $20,000, dated 12 December 1962, had been executed by Tribur Poultry Company, Inc., and the second note in the amount of $24,000, dated 14 March 1964, had been executed by Delmar Industries, Inc.

The defendant filed in short by consent pleas in each suit.

As before stated, the Burnetts were endorsers on both notes, and the endorsements on both notes provided that the endorsers waived all rights of exemption, agreed to pay collection costs, and agreed for extension of the note without notice to the endorsers.

The Burnetts were engaged in the poultry business and carried on their business through two corporations, Tribur Poultry Company, Inc., and Delmar Industries, Inc. The Burnetts were the officials and sole stockholders in both corporations.

According to J. B. Burnett, Tribur was their "growing out" operation, and Delmar was a "trucking corporation." These terms are not definitely explained.

Prior to the filing of the two suits Tribur had been declared bankrupt, and Delmar was in voluntary bankruptcy.

The two cases were combined for trial, and the record is confusing in that virtually all of the testimony relates to the Delmar note.

In the trial below Charles N. Massengale, President of Massengale-Manaster, testified that the Tribur note, in the amount of $20,000 was for money loaned, and that no part of the $20,000 has been paid.

The Tribur note carrying the endorsement of the Burnetts was received in evidence.

J. B. Burnett, as a witness in his own behalf, testified at length. His testimony is directed toward establishing payments on the Delmar note, either by delivery of chickens or by cash, and the trend of his testimony was that Massengale-Manaster was actually indebted to Delmar.

In this connection we note the following observation by the court during the trial as it pertains to the Tribur note:

"My idea about that is that Delmar Industries is not a party to this suit (on the Tribur note) and unless there has been a sale or an assignment by Delmar Industries to the endorsers it doesn't make any difference how much Massengale owed them." (par. ours.)

From our reading of the testimony of Mr. Burnett, we have found no contradiction of Mr. Massengale's testimony as to the execution of the Tribur note, and that no payments had been made thereon, and of course the note itself was received in evidence.

In his oral instructions to the jury the court, among other things, stated:

"Now, again, there are two cases and with your permission I will refer to them as the Tribur Poultry case and the Delmar Industries case in order to make a distinction between them, and under the evidence in this case and it is stated to you as a principle of law, that if you believe the evidence in this case then your verdict should be for the plaintiff. Now, that is in the Tribur Industries case. Now at this time it would still be within your discretion as to the amount of damages, if any.

\*       \*       \*       \*       \*       \*

"There must be two verdicts returned into this courtroom, one in the Tribur Poultry case and one in the Delmar Industries case. If you do not believe the evidence in the case as far as the Tribur case is concerned, then your verdict should be for the Defendants."

The jury returned a verdict in the case now under review in favor of the defendants, (the Burnetts), and judgment was entered pursuant to the verdict. The record does not contain the verdict in the Delmar note case.

The plaintiff's motion for a new trial being duly filed, was overruled, and this appeal was perfected.

The appellant has assigned two errors, (1) that the trial court erred in denying its motion for a new trial, and (2) that the trial court erred in refusing to give its requested charge 1 which was an affirmative charge without hypothesis.

Under assignment 1, the appellant has brought forth and argued those grounds of its motion for a new trial asserting that the verdict was contrary to the great preponderance of the evidence; contrary to the undisputed evidence; contrary to the great weight of the evidence; and contrary to the law in that it was contrary to the court's general affirmative charge with hypothesis in plaintiff's favor.

Mr. Massengale's testimony as to the execution of the Tribur note to secure a loan of $20,000 was not vague or uncertain, nor of such a nature as to infer it was unworthy of belief. (See White v. State ex rel. Hardegree, 256 Ala. 18, 53 So.2d 599.) The note itself was received in evidence. The court in its oral charge instructed the jury that their verdict should be for the plaintiff, Massengale-Manaster, if they believed the evidence, and also instructed the jury that if they did not believe the evidence in the Tribur case, the verdict should be for the defendant.

It is within the peculiar province of the jury to determine the credibility of the evidence. However, the jury is not the sole judge of the sufficiency of the evidence to sustain their verdict. The power to review their conclusions in civil actions at law is vested in the trial court in the first instance, and in this court on appeal.

If the verdict when considered in light of the court's oral charge is contrary to the undisputed evidence, or against the great weight of the evidence, it should be set aside. Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560, 200 So. 564.

We consider assignment of error No. 1 well taken, and therefore this judgment is due to be reversed.

Appellant's assignment of error No. 2, relating to the asserted refusal of plaintiff-appellant's written request for the affirmative charge without hypothesis, cannot avail the appellant. This, because of the posture of the record presented to us.

On one page of the record under the caption "Refused Charges" is set forth some nine charges, one of them being a peremptory affirmative charge for the plaintiff. There is no showing by whom the charges were requested. But more serious, none of the charges so shown are marked "Refused" and signed by the judge. None of these charges can therefore be considered, (Sec. 273, Tit. 7, Code of Alabama 1940, and innumerable authorities to this effect annotated thereunder).

Regardless, the action of the court denying appellant's motion for a new trial necessitates a reversal of this judgment.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.