318 So.2d 723

**R. B. MORGAN**

v.

**Bill HARRIS et al.**

**Civ. 426.**

Court of Civil Appeals of Alabama.

Aug. 13, 1975.

Sirote, Permutt, Friend & Friedman and W. Frank Greenleaf, Birmingham, for appellant.

G. Bennett Haynes, Jr., Birmingham, guardian ad litem for Bill Harris and Ronnie Harris.

Rives, Peterson, Pettus, Conway & Burge and Edgar M. Elliott, Birmingham, guardian ad litem for David Gould.

Sadler, Sadler, Sullivan & Sharp and George M. Van Tassel, Jr., Birmingham, for Liberty Mut. Ins. Co.

BRADLEY, Judge.

The appeal is from a judgment awarding damages to the appellant Morgan for the loss of a barn and its contents and from the denial of a motion for a new trial. Plaintiff, Morgan, had alleged in his complaint that the defendants-appellees, three fourteen year old boys, had willfully and negligently burned his barn and its contents. An answer was filed by each of the three defendants.

Liberty Mutual Insurance Company intervened as a plaintiff in the action asserting subrogation rights in the amount of $1,100.

At the conclusion of the evidentiary hearing before the court and jury, the case was submitted to the jury under the simple negligence count of plaintiff Morgan's complaint and the intervenor's complaint. The jury returned a verdict in favor of plaintiff Morgan and against defendants in the amount of three dollars. There was also a verdict in favor of the intervenor for $1,100. Judgment was rendered in accordance with the verdicts. Plaintiff Morgan requested a new trial, which was denied.

Appellant contends that the verdict and judgment of the trial court is erroneous for that the damages awarded him are inadequate.

The facts adduced at the trial show that appellant owned a barn that was about twenty-two years old which was used mainly for storing hay. The barn was to-

tally destroyed by fire early on the morning of December 21, 1971.

The three appellees, fourteen year old boys, had camped out in the barn that night. They had lighted candles while in the barn and had a fire going in a five gallon can. They also exploded some firecrackers during the time they were there.

The boys stated that they were awakened by the smell of smoke and, finding that the hay in the barn was on fire, escaped by sliding down a blanket from a second story opening in the barn. An attempt was made to extinguish the blaze, but it was unsuccessful. The barn was destroyed.

The appellant testified at the trial that the barn was in good shape and was worth $7,500, although in a previous deposition appellant had stated the barn was worth $5,000. He also said that he had various articles of personal property in the barn at the time of the fire that were destroyed, and set their value at $1,700.

Mr. Morgan stated that the barn was used mainly for the storage of hay, and at the time of the fire, there were about 4,000 bales of hay in the barn. He said the hay was worth $1.00–$1.25 per bale.

One of Mr. Morgan's sons testified that there were between 3,000 and 4,000 bales of hay in the barn at the time of the fire.

There was no other evidence relating to the value of the barn or its contents.

The barn was insured for $1,100 and had been so insured for twenty-two years. The contents of the barn were not insured.

Appellant argues that the damages awarded are grossly inadequate and could only be the result of bias, passion or prejudice on the part of the jury. Appellant says that the undisputed evidence showed that appellant's loss amounted to $9,700 and the verdict was for three dollars.

Appellees reply by saying that opinion testimony as to value is not binding on the jury, and, there being an absence of evidence other than opinion evidence, the jury was at liberty to award only nominal damages.

Where the jury hears opinion testimony from witnesses on the subject of value, it has the prerogative of dealing with it as it pleases, giving whatever weight their experience or general knowledge directs. *Andrews v. Frierson,* 144 Ala. 470, 39 So. 512. The testimony as to the value of the barn and its contents came mainly from the appellant, although his son did testify as to the approximate number of bales of hay that were in the barn when it was destroyed. Appellant's testimony as to value was strictly opinion testimony, as was the testimony of his son.

It could easily be concluded after reading the record in this case that the jury decided that appellant had been adequately compensated for the loss of his barn by the $1,100 payment from his insurance carrier. Furthermore, it is not without the realm of possibility that the jury chose to disbelieve the appellant's testimony as to the contents of the barn, as they have the right to do. *Cleveland v. Wheeler,* 8 Ala.App. 645, 62 So. 309.

Another factor that could have influenced the jury's decision was plaintiff's interest in the outcome of the lawsuit. He obviously stood to gain from a favorable verdict. The opinion testimony as to value of one who stands to gain excessively is not entitled to much probative weight. *Alabama Great Southern R. Co. v. Russell,* 35 Ala.App. 345, 48 So.2d 239, rev'd. on other grounds 254 Ala. 701, 48 So.2d 249.

Appellees also point out that because of appellant's contradictory testimony as to the value of the barn—on one occasion appellant stated the value of the barn to be $5,000 and on another occasion he gave the value as $7,500—less weight should be given to his opinion testimony.

It is obvious that the jury for whatever reason—and it had several rea-

sons available to it—gave little credence to the opinion testimony on the value of the barn and its contents, and it was well within its rights to so assess such testimony. Therefore, we have no alternative but to affirm the judgment of the trial court entered after the return of the jury's verdict and its order denying the motion for new trial.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.