This is an appeal by the State from a condemnation evaluation case.
Landowners Louie C. Newberry and Henrietta Newberry appealed to the circuit court the award by commissioners in the probate court. At the pre-trial hearing it was stipulated that the State had the right to condemn the lands and the only issue for trial was the amount of damages and compensation, if any, to which the landowners were entitled. A jury verdict and judgment on Nov. 15, 1975, placed damages at $95,000.00. On November 14, 1975, the State filed a motion to abandon condemnation proceedings. On December 3, 1975 the State filed a motion for new trial. On January 6, 1976, the trial court overruled the State's motion for new trial. The State filed notice of appeal within the 42-day appeal period (Rule 4, ARAP), on February 16, 1976, before the trial court ruled on the motion to abandon condemnation proceedings.
The issues presented for review appear as follows in State's brief:
I.
 "Whether the State of Alabama can abandon a condemnation project due to the size of a jury award after the condemnation order has been signed by the Probate Court and Damages paid into the Probate Court and the State has obtained the right to enter into and upon the property condemned.
 Alabama Power Company vs. Nichols, 213 So.2d 912, 282 Alabama 704 (1963)
 Jefferson County vs. Adwell, 103 So.2d 143, 267
Alabama 544 (1956)
 Southern Natural Gas Company vs. Ross, 275 So.2d 143, 290 Alabama 195 (1973)"
II.
 "Whether a jury award in a condemnation case can stand when the damages are not correctly proven.
 Scott Paper Company Vs. State of Alabama, 197 So.2d 272, 280 Ala. 621 (1967)"
This court will consider the second issue first. The State's expert witness was Phillip Fisher, a qualified expert appraiser of real estate. He placed the value of the landowners' property prior to taking at a figure of $37,065 and after the highway was built the value of the landowners' property would be $630.00. The landowners' witnesses' testimony of the value of the land before the taking varied from $94,192 to $110,000. The witnesses for the landowners did not express opinions as to the value of the land after the taking.
The following from Scott Paper Company v. State, 280 Ala. 621, 197 So.2d 272 (1967), *Page 183 
is quoted in the brief of the State of Alabama:
 "Measure of damages for taking of portion of entire tract for highway purposes is difference between reasonable market value of entire subject property immediately before the taking, and reasonable market value of the property remaining after the acquisition, taking into consideration any damages or enhancement arising from planned construction."
The State contends that the landowners' evidence was not sufficient to establish damages because none of the witnesses for the landowners expressed any opinion as to the value of the remaining lands after the taking.
There is no rule that prohibits a party from proving part of its case by testimony by a witness appearing on behalf of an opposing party.
The State in brief mentions an excessive jury award and damages; however, the motion for new trial did not raise this issue. Since the trial judge did not have an opportunity to act on the issue of excessive damages this court will not consider that issue on appeal. State v. Ferguson, 269 Ala. 44,110 So.2d 280 (1959); State v. Graf, 280 Ala. 71, 189 So.2d 912 (1966).
The judgment of the trial court and the overruling of the motion for a new trial by the trial court is affirmed.
The motion to abandon the condemnation proceedings does not allege the reason for such motion. In brief the State contends the reason was excessive damages. The appeal in this case was taken within the 42-day appeal period as allowed by the Alabama Rules of Appellate Procedure and before the trial court ruled on the motion to abandon the condemnation proceedings.
The State filed a brief in support of its motion to abandon condemnation on January 28, 1976 and the landowners filed their brief in opposition on February 3, 1976. At the time that the appeal was taken on February 16, 1976 the trial court had not ruled on that motion. The trial court felt that it could not rule because its jurisdiction had been divested by the appeal. This court is a court of appellate review and will not entertain review proceedings until after the trial court has ruled. 2 Ala. Digest Appeal Error, 242 (1).
AFFIRMED.
BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.