FAULKNER, Justice.
This is an appeal from a condemnation evaluation case in which the Circuit Court of Coosa County declined to rule on the State’s motion to abandon condemnation. We affirm.
The State of Alabama instituted condemnation proceedings in the Probate Court of Coosa County on August 11, 1975, to condemn a 7.63 acre tract of land in Coosa County owned by Scott M. Corley and Florence Corley. The landowners appealed the commissioners’ award to the Circuit Court. In a pretrial order the parties stipulated that the State had the right to condemn the land, and that the only issue for trial was the amount of damages, and compensation, if any, to which the landowners were entitled for the land. A jury verdict and judgment on November 4 placed damages at $35,000.
On November 14, the State filed a motion to abandon condemnation proceedings. On December 3, the State filed a motion for a new trial. The motion for a new trial was overruled on January 6, 1976. The State then filed notice of appeal. The trial court took judicial notice of the State’s notice of appeal, and declined to rule on the motion to abandon condemnation proceedings, on the ground that the State’s appeal divested the trial court of jurisdiction to rule on the motion.
The major issue is whether the State of Alabama can abandon a condemnation *1330 project because of the amount of a jury award after the condemnation order has been signed by the Probate Court, damages have been paid into the Probate Court, and the State has obtained the right to enter into, and upon, the condemned property.
Notice of the appeal was filed before the trial court ruled on the motion to abandon condemnation proceedings. In fact, the trial court never ruled on this motion. As stated by this court recently in State of Alabama v. Newberry, Ala., 336 So.2d 181 (1976), “This court is a court of appellate review and will not entertain review proceedings until after the trial court has ruled. 2 Ala. Digest Appeal & Error, Sec. 242(1).”
In addition, the State in brief mentions that the lower court failed to rule on the question of excessive damages. The motion for new trial did not raise that issue and the motion to abandon condemnation proceedings did not contain a statement as to why the motion was filed. “Since the trial judge did not have an opportunity to act on the issue of excessive damages, this court will not consider that issue on appeal. State v. Ferguson, 269 Ala. 44, 110 So.2d 280 (1959); State v. Graf, 280 Ala. 71, 189 So.2d 912 (1966).” State of Alabama v. Newberry, supra.
AFFIRMED.
HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.