341 So.2d 147 (1976)
In re FARMERS AND GINNERS COTTON OIL CO., a corp.
v.
RELIANCE INSURANCE CO. et al.
Ex parte Farmers and Ginners Cotton Oil Co., a corp.
SC 1811.
Supreme Court of Alabama.
December 10, 1976.
Bryant A. Whitmire, of Whitmire, Gordon & Coleman, Birmingham, for petitioner.
C. William Gladden, Jr., of Balch, Bingham, Baker, Hawthorne, Williams & Ward, Birmingham, for respondent.
FAULKNER, Justice.
Farmers and Ginners appealed from a decree of the Circuit Court of Jefferson County, granting a $9,000 jury verdict for a fire loss. The Court of Civil Appeals affirmed. We granted certiorari. We reverse and remand.
Insured, Farmers and Ginners Cotton Oil Co., sustained a fire loss and sued six insurance companies to recover. At the trial two expert witnesses for the insured testified as to the value of the loss. One stated that the value of the building was between $12,000 and $15,000 and the machinery between $31,000 and $33,000. The other's estimate was $15,000 for the building and between $30,000 and $35,000 for the machinery. Neither could itemize his estimate. Answering interrogatories, the jury returned a verdict of $9,000. The insured's motion for a new trial was denied. The Court of Civil Appeals affirmed. Insured's application for rehearing was overruled. This court granted a writ of certiorari.
The question is whether the jury violated its duty to consider and weigh all competent evidence.
The jury is not the sole judge of the sufficiency of the evidence to sustain the verdict. We have the power to review. Franklin Fire Ins. Co. v. Slaton, 240 Ala. *148 560, 200 So. 564 (1941); Massengale-Manaster Poultry Co. v. Burnett, 284 Ala. 465, 225 So.2d 869 (1969). The jury does not have an absolute right to disregard the testimony of competent witnesses and substitute its own conclusion for undisputed evidence. Hyde v. Starnes, 247 Ala. 26, 22 So.2d 421 (1945).
Here the only direct testimony as to the value of the property was that of the insured's expert witnesses. There was no other evidence as to value, and their testimony was uncontradicted.
In State v. Crawford, 277 Ala. 568, 173 So.2d 109 (1965), this court reversed and remanded on the ground that the verdict was contrary to the evidence. There all testimony valued the property at either $600 or $1,250, and the jury returned a verdict of $1,900.
This court, speaking through Mr. Justice Coleman, said:
"In deciding this case, we are not unmindful of the rule that evidence of value is necessarily opinion evidence, and that it is not conclusive on courts and juries, even when without conflict. Dean v. County Board of Education, 210 Ala. 256, 97 So. 741; State v. Hunter, 270 Ala. 57, 116 So.2d 383. In this connection, however, there is also the rule that there is no `absolute' or `unrestricted' right in the trier of facts to disregard evidence of witnesses declared competent by the statute, § 367, Title 7, whether expert or not. Such evidence is not conclusive, as of course, but is to be considered like other evidence in connection with all the facts and circumstances and in the light of the knowledge and experience of the jury in finding the true value. O'Neill v. City of Birmingham, 221 Ala. 580, 584, 130 So. 87."
Although Crawford was an eminent domain case, its rule is not limited to those cases. Crawford used as its authority an ordinary civil suit, Donavan v. Fandrich, 265 Ala. 439, 92 So.2d 1 (1957).
In the case before us, the jury disregarded the only evidence of value before it, and brought in a verdict without support from the evidence. If the jury had chosen not to believe the witnesses, the verdict would have been in favor of the insurance companies, or only nominal damages for the insured. The verdict here is neither nominal damages nor damages in light of the evidence. Where a jury verdict cannot be justified on any reasonable hypothesis presented by the evidence, it should be set aside. Donavan.
We hold the jury verdict was not supported by any evidence. Therefore, the judgment of the Court of Civil Appeals is reversed and the cause remanded with instructions to order the trial court to set aside the jury verdict and grant a new trial.
REVERSED AND REMANDED.
HEFLIN, C. J., and BLOODWORTH, ALMON, SHORES and EMBRY, JJ., concur.
JONES, J., concurs specially.
MADDOX, J., dissents.
BEATTY, J., not sitting.
JONES, Justice (concurring specially):
I concur in the result. I agree that the jury verdict awarding $2,000 for the building is so disproportionate to the only evidence presented for the jury's consideration as to require reversal and remand for a new trial. That the jury cannot totally disregard the only competent evidence presented for its consideration is a sound rule. But I would not want to be understood as agreeing with a holding that our rule in condemnation casesthe verdict to be sustainable must be within the range of the whole of the before and after value of the property takenis the controlling rule here. The condemnation cases present a clear-cut disregard of the evidence situation. In each of these cases where the rule has been applied, there was testimony from both sides, and the jury verdict either exceeded the highest value or fell below the lowest value proffered by the evidence. This case does not fit into that neat pattern. The literal application of that rule here would strip the jury *149 of one of its most time-honored functions of passing on the credibility of the witnesses. Particularly is this function indispensible to the judicial process where the witness in question is interested in the litigation. If I understand the majority holding, the only sustainable verdict in this case would be a verdict of not less than $42,000$12,000 for the building and $30,000 for the machinery.
I agree that, under the facts of this case, the strongest presumption of correctness of the jury verdict and the judge's order overruling the motion for a new trial does not place beyond our review a $2,000 verdict for the total loss of a building that housed a cotton gin. This is especially true in view of the insurable value placed on the building by the agents for the insurance companies. But no rule of law should require a $12,000 verdict for the loss of the building in order for the verdict to be sustainable. Such a rule would erode one of the primary functions of the jury in our judicial system.
MADDOX, Justice (dissenting).
The Court of Civil Appeals, in its opinion, held that opinion evidence of value, even of experts, is not conclusive. I agree with that holding and think it is consistent with our prior decisions. Consequently, I would affirm.
The majority relies heavily upon State v. Crawford, 277 Ala. 568, 173 So.2d 109 (1965), in reversing and remanding. I think Crawford is distinguishable. In Crawford, this Court stressed the fact that the jury did not view the property. This implies to me that had the jury viewed the property in Crawford, they would not have been bound by the opinion evidence of the experts. For instance, in Crawford, this Court noted:
"We have noted that the jury did not view the land. We are not to be understood as holding that the verdict would stand if the jury had viewed the land. That question is not presented. In this connection see: State v. Carter, 267 Ala. 347, 350, 101 So.2d 550; State v. Long, 269 Ala. 270, 271, 112 So.2d 480."
Carter and Long, cited in Crawford, I believe, hold that where a jury views the premises, the jury is not bound by the estimate of damages given by witnesses.
The jury did not view the premises in this case, but I do not believe that the testimony of the experts on value should have been conclusive.
The Court of Civil Appeals held:
"In the instant case, appellant presents nothing that indicates capricious or arbitrary rejection of evidence by the jury. The verdict as to value was substantially less than the opinion of the witnesses; but we cannot infer from that alone that the jury violated its duty to consider and weigh all competent evidence. It is obvious only that the jury gave little credence to the testimony of Mr. Kidd and Mr. Smith, and considering the matter elicited on voir dire, it was well within its rights to so assess such testimony, Morgan v. Harris, 55 Ala.App. 694, 318 So.2d 723."
I went to the original record to determine what testimony was elicited to discredit the opinion evidence, and I concur with the assessment made by the Court of Civil Appeals.
The plaintiff, as the loss payee under the fire policy, had the burden of proving the actual damages it sustained. Great American Ins. Co. v. Railroad Furniture Salv., 276 Ala. 394, 162 So.2d 488 (1964). Plaintiff, to sustain its burden, used its president and field representative. I do not question the admissibility of their testimony, but I seriously object to making it conclusive and binding on the jury as the majority does.
While opinion evidence of value is admissible under the provisions of Title 7, § 367, Code, 1940, if one has had an opportunity to form an opinion, the degree of opportunity that the witness may have had for forming an opinion goes to the weight of the evidence. See Gossett v. Morrow, 187 Ala. 387, 65 So. 826 (1914). The opinion evidence as to the value of the gin and the equipment, even assuming it was unanimous and uncontroverted, was not conclusive on the jury, in my opinion. 9 Ala.Dig., Evidence,
*150 I would affirm the Court of Civil Appeals, which affirmed the trial judge, who saw and heard the witnesses and denied the plaintiff's motion for a new trial.