I fear the majority moves perilously close today to the rule that a jury's findings on factual matters can never be disturbed.
It is well-settled that "[t]he jury is not the sole judge of the sufficiency of the evidence to sustain the verdict."Farmers and Ginners Cotton Oil Co. v. Reliance Insurance Co.,341 So.2d 147 (Ala. 1976). "[T]he power to review their conclusions in civil cases is vested in the trial court in the first instance, and in the Supreme Court on appeal."Massengale-Manaster Poultry Company v. Burnett, 284 Ala. 465,225 So.2d 869 (1969).
A new trial should be granted where, after allowing all reasonable presumptions of correctness, the preponderance of the evidence is so decided as to clearly convince this court that the verdict is wrong and unjust. Birmingham SouthernRailroad Company v. Ball, 271 Ala. 563, 126 So.2d 206 (1961).
In the instant case, Herrington testified that he stopped before turning and saw Cox's automobile approaching, but proceeded to turn because "I thought I had time to make it." The proof that Herrington turned left in front of Cox established a prima facie case of negligence and no evidence to the contrary was offered.
As to the question of contributory negligence on the part of Cox, Herrington testified that he had no judgment as to the speed of Cox's automobile. The investigating police officer gave no opinion as to the speed at which Cox's automobile was travelling, nor did any other witness testify that Cox was speeding.
Although Cox's testimony by pretrial deposition indicated he may have exceeded the posted speed limit by as much as five miles per hour, there was absolutely no evidence that this proximately caused or contributed to the collision. Tangentially, Herrington argues the jury could have inferred that Cox was exceeding that posted limit by a greater amount or was not carefully watching the road. That conclusion is not a reasonable inference from the evidence, but, rather is nothing more than mere speculation. Moreover, even assuming such a conclusion, there was no evidence that the manner of Cox's operation of his automobile contributed to the collision.
A verdict based on mere speculation and conjecture cannot stand. Perdue v. Gates, 403 So.2d 165 (Ala. 1981); Howell v.Roueche, 263 Ala. 83, 81 So.2d 297 (1955). "It is well settled that only such negligence on a plaintiff's part as constitutes a proximate and contributory cause of his injury or damage bars his recovery." Insurance Company of North America v. Mays,278 Ala. 20, 174 So.2d 700 (1965); see also Shepherd v. GardnerWholesale, Inc., 288 Ala. 43, 256 So.2d 877 (1972).
As the majority acknowledges:
 "`The power to set aside verdicts . . . is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which sometimes occurs. . . .'"
Despite this acknowledgement, however, the majority chooses to disregard the mandate of the evidence for a new trial, resulting in a miscarriage of justice to the plaintiff herein.
FAULKNER and ADAMS, JJ., concur.