HOLMES, Judge.
This is a workmen’s compensation case.
The employee sustained an injury to her back during the course of her employment. Following a hearing, the trial court found that the employee’s injury to her back resulted in a permanent partial disability to her body as a whole. The trial court awarded her compensation based on the permanent partial disability, as well as compensation for temporary total disability for the time she was off work. The court further held the employee entitled to recover various medical expenses, as well as assessing a penalty against the employer for its failure to comply with the workmen’s compensation laws.
The employer appeals. We affirm.
The dispositive issue as determined by this court is whether there is any legal evidence to support the trial court’s findings with respect to the extent of the employee’s injury and the amount of workmen’s compensation benefits to be paid to the employee.
We note at the outset that this case is before this court on certiorari. Ala.Code (1975), § 25-5-81(d). Our review is thus limited to questions of law and to an examination of the evidence to determine if there is any legal evidence to support the findings of the trial court. If there is any legal evidence that supports the findings, this court will affirm. Lowe v. Walters, 491 So.2d 962 (Ala.Civ.App.1986).
Under this narrow standard of review, we find that there is evidence to support the trial court’s findings of fact and legal conclusions regarding the extent of the employee’s injury and the amount of workmen’s compensation benefits.
We need not repeat in detail the factual background of this case. Suffice it to say that the employee was injured while in the employment of the employer performing a job function within the line and scope of her duties. She sustained an injury to her lower back as a result of the accident. These essential facts are not disputed by the employer in this case.
What the employer appears to take issue with is the status of certain expert testimony upon which the trial court relied in reaching its decision regarding the extent of the employee’s injury and the amount of workmen’s compensation benefits.
The employer seems to contend that the trial court’s findings regarding the extent of the employee’s loss of earning capacity were not based on proper evidence. Suffice it to say that, in view of the narrow standard of review in this workmen’s compensation case, we find competent evidence to support the trial court’s conclusion.
A vocational expert testified that the employee had sustained between a sixty percent and seventy percent loss of earning capacity as a result of the accident. This determination was based in large part on the expert’s personal examination and diagnosis of the employee. The employer *536 does not dispute the qualifications and expertise of this witness to determine vocational impairment.
The testimony of this vocational expert regarding the employee’s loss of earning capacity provides, therefore, the necessary evidence to support the trial court’s conclusions. The employer’s contention that the expert’s determination of loss of earning capacity was based on inadmissible medical testimony is without merit. As stated, the expert’s determination was based in the main on his own personal evaluation of the employee’s vocational impairment. We would note that medical testimony is not necessary to a court’s determination regarding earning loss. Stewart v. Busby, 51 Ala.App. 242, 284 So.2d 269 (Ala.Civ.App.1973).
Regarding the amount of workmen’s compensation benefits, the employer argues that the doctor who testified regarding the reasonableness of certain medical expenses was not a competent witness. Again, we have difficulty in understanding the point of the employer’s complaint with respect to the action of the trial court on this matter.
The doctor in question was a board certified diagnostic radiologist with extensive experience in the diagnosis of patient conditions from X-rays and the like. The employer’s contention that the doctor was not capable of adjudging the reasonableness of medical expenses is without merit. We would note, nevertheless, that the determination of an expert’s competence rests within the sound discretion of the trial court and will not be reversed barring palpable abuse. Gordon v. State, 273 Ala. 213, 137 So.2d 752 (1962).
There being no such abuse in this case, we cannot reverse on this ground.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.