L. CHARLES WRIGHT, Retired Appellate Judge.
The appellees, Glen and Brenda Carter, brought an action against the appellant, Nelda Stephenson Chevrolet, Inc. (Stephenson), for breach of contract in connection with the repair of their 1984 Chevrolet customized van. The jury found a breach of *46 contract and awarded the Carters $4,500 as damages. Stephenson filed a motion for new trial or remittitur. The motion was denied. Stephenson appeals.
The Carters entered into an oral contract with Stephenson for the repair of their 1984 wrecked van. Stephenson agreed to repair the van in a workmanlike manner and to have the repairs completed within sixty days.
Six and one-half months later Stephenson returned the van to the Carters. As consideration for the repair of the van, the Carters' insurance company paid Stephenson $10,155.01.
Aftér the van was repaired and returned, the Carters encountered the following problems: The dash was “busted;” the air conditioner was spitting water which damaged the carpet and the bed; the front end was not aligned correctly; the sliding door did not work properly; the back doors were out of alignment; the roof leaked and the water turned the oak paneling white; wiring problems caused tail light, radio, and battery malfunctions; and the ' windows were not put in at the original elevation and were at different elevations on each side. Between April 30, 1985 and June 21, 1985 the Carters returned the van to Stephenson approximately ten times for further repairs.
Glen Carter testified that before the wreck the van was valued at $23,000. Carter testified that following the repairs by Stephenson the reasonable cash market value of the van was between $5,000 and $6,000.
I.
Stephenson initially argues that the jury’s award of $4,500 was excessive, unsupported by the substantial weight of the evidence, and was based upon bias and prejudice of the jury.
Stephenson contends that the repairs were made in a workmanlike manner and that the six and one-half month delay in delivering the van to the Carters was caused by a third party who was customizing the van. Stephenson contends that the Carters’ complaints regarding the van could be repaired for less than $150.00 and that the Carters suffered no diminishment in the market value of the van.
Jury verdicts carry with them a presumption of correctness. That presumption is strengthened by the trial court’s denial of a motion for new trial. Carroll Kenworth Truck Sales, Inc. v. Leach, 396 So.2d 1044 (Ala.1981). Where the issue concerns the award of excessive damages, as here, the disposition is dependent on the particular facts of each case. Coca-Cola Bottling Co. v. Parker, 451 So.2d 786 (Ala.1984).
Evidence of value is ordinarily opinion evidence. General Motors Corp. v. Van Marter, 447 So.2d 1291 (Ala.1984). “Where the jury hears opinion testimony from witnesses on the subject of value, it has the prerogative of dealing with it as it pleases, giving whatever weight their experience or general knowledge directs.” Morgan v. Harris, 318 So.2d 723 (Ala.Civ. App.1975).
There was conflicting evidence concerning the value of the van before the wreck and the value of the van after the repairs were made. The jury heard the evidence and personally viewed the van. The $4,500 award was well within the conflicting range of value.
The value of the van was a question of fact to be determined by the jury. We do not find the jury’s award in this instance to be excessive. We have reviewed the entire record, and we do not find any indication that the jury’s award was predicated on the basis of bias, prejudice, or passion. Furthermore, we find the jury’s award and the trial court’s denial of Stephenson’s motion for new trial or remittitur to be supported by the substantial weight of the evidence.
Stephenson alleges in its motion for new trial or remittitur and on appeal that the jury’s award was based upon prejudice, bias, and emotion. However, the burden of establishing evidence of bias and prejudice of the jury is upon the movant, Crum v. McGhee, 289 Ala. 244, 266 So.2d 855 (1972), unless the verdict is so excessive in light of the evidence as to show such bias and prejudice. U-Haul Co. v. Long, 382 So.2d 545 (Ala.1980). The movant here offers no such evidence. In fact the verdict is well within the parameters of the evidence. *47 The record is so clear to that effect that the requirement of Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), that the trial judge enter a detailed judgment as to his reason for denying the motion for a new trial is unnecessary. State v. McCurdy Concrete, Inc., 507 So.2d 403 (Ala.1986). We therefore do not remand for entry of reasons for denial of the motion, hut affirm the judgment below.
II.
Stephenson asserts that the trial court erred in refusing to give three requested jury charges. We have reviewed the record and find that there was no objection to the court’s oral charge or the court’s failure to give the three requested charges.
Rule 51, Alabama Rules of Civil Procedure, provides that “No party may assign as error the giving or failing to give a written instruction ... unless he objects thereto before the jury retires to consider its verdict_” This issue is not preserved for our review. Employees Casualty Co. v. Hagendorfer, 393 So.2d 999 (Ala.1981).
III.
Stephenson asserts the trial court erred in failing to grant a motion for new trial based on a prejudicial statement made by counsel for Mrs. Carter in front of the jury.
The alleged prejudicial statement, occurring during the examination of Mr. Carter by counsel for Mrs. Carter, is as follows:
“Q. Mr. Carter, Mr. Keller asked you if you were on medical disability. Would you tell the Jury how many heart bypass operations you’ve had?
“MR. KELLER: Now, we object to that, Your Honor. That’s to—
“THE COURT: Sustained. Go ahead. Next question.”
Counsel for Stephenson timely objected and the objection was sustained. No further request was made and no adverse ruling was invoked. Without deciding the impropriety of the alleged prejudicial statement, we find no reversible error because Stephenson received what it asked for.
Evidentiary issues will not be considered on appeal in the absence of an adverse ruling by the trial court. Armstrong v. Armstrong, 515 So.2d 27 (Ala.Civ.App. 1987). We find no error here.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.
HOLMES, J., concurs specially.