On August 27, 1973, T.W. Stone, Jr., plaintiff-petitioner, was involved in an accident with Robert T. Turner, a driver for Echols Trucking, Inc. A jury awarded Stone $4,000.00 damages. The trial court denied Stone's motion for a new trial for an inadequate verdict. Stone contends he proved undisputed medical and property damages of $7,914.53, $4,500.00 of which consisted of the car he was driving. The Court of Civil Appeals affirmed the judgment. We granted certiorari based upon an alleged conflict with prior decisions: Hunter v. Schembs, 273 Ala. 304,139 So.2d 614 (1962); Farmers Ginners Cotton Oil v. RelianceIns. Co., 341 So.2d 147 (Ala., 1976).
The Court of Civil Appeals opinion, Ala. Civ.App.Ms. No. 863, August 20, 1976, notes that:
 ". . . The case was tried both below and here on the theory that Stone's medical expenses were not all related to the accident but were the result largely of pre-existing physical and emotional problems."
In reviewing the Courts of Appeal, we are limited to the facts stated in that court's opinion unless the petitioner utilizes Rule 39 (k) Alabama Rules of Appellate Procedure. No attempt was made to invoke that rule. Union Camp Corporation v.Blackman, 289 Ala. 635, 270 So.2d 108 (1972). Whether the itemized medical expenses were proximately caused by Turner's negligence was for the jury. Mobile City Lines, Inc. v.Proctor, 272 Ala. 217, 130 So.2d 388 (1961). We recognize, however, that a portion of these expenses were as a matter of law related to the injury and the jury must award substantial compensation for substantial injuries. Hunter v. Schembs, supra.
The more serious question relates to the car, a 1972 Pontiac. Stone testified that he bought it new for $5,927.09 approximately 18 months before the accident (his receipt was made an exhibit), that it was worth $4,500.00 before the accident and that "[i]t wasn't worth a dime" after the accident. Stone's testimony was the only evidence offered as to the value of the car.
As the Court of Civil Appeals noted, where a jury hears opinion testimony on value, its prerogative is to give to that testimony such weight as its general knowledge and experience dictate. Andrews v. Frierson, 144 Ala. 470, 39 So. 512 (1905). On the other hand,
 "Where . . . the jury verdict cannot be justified upon any reasonable hypothesis presented by the evidence, it ought to be set aside upon proper proceedings as being the result of compromise or mistake, for neither the court nor jury have the right to arbitrate or compromise differences between the parties. . . ." Donavan v. Fandrich, 265 Ala. 439, 440, 92 So.2d 1, 2 (1957).
See also Farmers Ginners Cotton Oil v. Reliance Ins., supra.
Thus, we are confronted with a situation where petitioner has at least some medical damages for which he claims $3,414.53. In dispute, though, is whether all the itemized expenses were proximately caused by the injury.
The petitioner's car, according to the only evidence presented, was valued immediately before the accident at $4,500.00 and immediately after the accident was valueless.
In Farmers Ginners Cotton Oil v. Reliance Ins., supra, we quoted from Mr. Justice Coleman's opinion in State v. Crawford,277 Ala. 568, 173 So.2d 109 (1965) as follows:
 "`In deciding this case, we are not unmindful of the rule that evidence of value is necessarily opinion evidence, and that it is not conclusive on courts and juries, even when without conflict. Dean v. County Board of Education, 210 Ala. 256, 97 So. 741; State v. Hunter, 270 Ala. 57, 116 So.2d 383. In this connection, however, there is also the rule that there is no "absolute" or "unrestricted" right in the *Page 904 
trier of facts to disregard evidence of witnesses declared competent by the statute, § 367, Title 7, whether expert or not. Such evidence is not conclusive, as of course, but is to be considered like other evidence in connection with all the facts and circumstances and in the light of the knowledge and experience of the jury in finding the true value. O'Neill v. City of Birmingham, 221 Ala. 580, 130 So. 87.'" 341 So.2d at 148.
This case is like Farmers Ginners Cotton Oil in that the jury returned a verdict unsupported by any evidence. Stone's testimony is the only evidence of the value of the car and his testimony was uncontradicted. The jury's verdict of $4,000.00 in light of uncontradicted testimony that the car was worth $4,500.00 is unsupported by the evidence and must be set aside.Farmers Ginners Cotton Oil, supra.
The judgment of the Court of Civil Appeals is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
All the Justices concur.