Plaintiff, Gary Wayne Bibb, appeals from the trial court's denial of his motion for a new trial. We reverse and remand.
Plaintiff brought this action against defendant, Janice Nelson, seeking damages for personal injuries he sustained as the result of a collision between his automobile and a vehicle driven by defendant. After trial, the jury returned a verdict in favor of the plaintiff in the amount of $10,500. *Page 1255 
Plaintiff then filed a motion for a new trial, alleging that the amount of damages awarded was less than the proven special damages and that the judgment did not include any damages for pain and suffering. The new trial motion was denied by the trial court on April 24, 1979.
The sole issue for our consideration on this appeal is whether the trial court erred in denying the motion for new trial on the ground of inadequacy of the damages. We hold that it did.
The evidence clearly indicates that plaintiff suffered four rib fractures of the left chest and a dislocated collarbone due to the November 28, 1977 accident. These injuries incapacitated Mr. Bibb for at least one month. In early January of 1978, plaintiff attempted to return to his job but was unable to perform his duties as a heavy truck driver due to pain in his chest and abdomen. A chest X-ray revealed that plaintiff's fractured ribs had not completely healed, and he was subsequently put in a rib brace to relieve his pain. On March 8, 1978, Mr. Bibb's physician discovered that an incisional hernia, which had previously been repaired in 1974, had recurred. Two operations were required to correct that condition, one on March 13, 1978, and the other on April 28, 1978. In September of 1978, plaintiff complained to his Decatur physician of pain in the area of the collarbone which had been injured in the accident, and on September 26, 1978, Dr. Hobbs of Birmingham performed an operation to put the collarbone back into its normal position. In the course of that operation a pin was inserted from Mr. Bibb's sternum through his collarbone to hold the collarbone in place. The pin was surgically removed on December 18, 1978.
As we have mentioned, it is clear from the evidence that Mr. Bibb's broken ribs and dislocated collarbone were caused by the accident. However, the medical testimony at trial was to the effect that the causal connection between the abdominal trauma sustained by plaintiff in the accident and the recurrence of the incisional hernia is, at most, quite tenuous. As a result, the jury was entitled to disregard the physical and financial consequences of the hernia in determining the damages to be awarded. Our review of the award in this case is likewise confined to a consideration of the damages that resulted solely from the orthopedic injuries to Mr. Bibb's collarbone and ribs.
It is undisputed that the medical expenses incurred by plaintiff which were unrelated to treatment of the hernia totalled $4,859. Plaintiff was also unable to work for some time solely because of his orthopedic injuries. At the least, it is apparent that plaintiff was disabled for four months due to the injuries to his ribs and collarbone — the month immediately after the accident and the twelve-week period during which time the surgical pin was in plaintiff's shoulder. Mr. Darwin, Bibb's supervisor at work, testified that Bibb's average gross weekly earnings for the sixteen weeks that he did work during the 58-week interval between the time of the accident and the time of trial amounted to $430.00 per week. This uncontradicted evidence, when it is considered along with the undisputed evidence that plaintiff was unable to work for at least four months because of his orthopedic injuries, inevitably must lead to the conclusion that plaintiff lost earnings in the amount of $6880 at a minimum due to the orthopedic injuries alone. The total of the lost earnings and the medical expenses unrelated to the hernia is $11,739, which is approximately $1200, more than the jury awarded plaintiff.
Until recently, the rule concerning the weight to be accorded uncontradicted opinion evidence of the value of time lost by the plaintiff was that such evidence was not binding on the jury. See, e.g., Summerlin v. Robinson, 42 Ala. App. 116,154 So.2d 685 (1965). Instead, the jury was at liberty to return a verdict in a lesser amount if the jurors' own knowledge and experience in determining values led them to such a result. SeeO'Neill v. City of Birmingham, 221 Ala. 580, 130 So. 87 (1930). Our recent cases, however, reflect a change in this Court's assessment of the proper effect of uncontradicted opinion evidence of value. *Page 1256 
In Farmers and Ginners Cotton Oil Co. v. Reliance InsuranceCo., Ala., 341 So.2d 147 (1976), the only direct testimony concerning the value of certain property destroyed by fire was that of two expert witnesses. The minimum estimate of the aggregate value of the lost property was $43,000; the jury returned a verdict of $9,000. This Court held that a new trial should have been granted because the jury's verdict was not supported by any evidence and could not be justified upon any reasonable hypothesis presented by the evidence. See Donavan v.Fandrich, 265 Ala. 439, 92 So.2d 1 (1957).
Of like effect is Stone v. Echols, Ala., 351 So.2d 902
(1977). In Stone, the plaintiff's automobile was damaged in an accident. At trial, he testified that the car was worth $4,500.00 before the accident and that "[i]t wasn't worth a dime" afterwards. Plaintiff's testimony was the only evidence of the value of the vehicle, but the jury nonetheless awarded plaintiff damages of only $4,000.00. Relying on Farmers andGinners Cotton Oil, this Court ruled that plaintiff's motion for a new trial should have been granted:
 Stone's testimony is the only evidence of the value of the car and his testimony was uncontradicted. The jury's verdict of $4,000.00 in light of uncontradicted testimony that the car was worth $4,500.00 is unsupported by the evidence and must be set aside. . . . [Emphasis added.] [351 So.2d at 904.]
We perceive no substantive difference between the Stone case and this case. Here, the only evidence of the value of plaintiff's time was the uncontradicted testimony of Mr. Darwin that plaintiff earned $430.00 per week. At that rate, over a four-month period plaintiff would have earned $6,880. When this figure is added to the undisputed amount of medical expenses unrelated to the hernia, the total is an amount greater than the jury's verdict. Plaintiff's special damages could be no less than $11,739.00 (the sum of his medical bills and lost wages). The $10,500.00 verdict clearly does not compensate for the aggregate pecuniary damage shown, nor does it allow for the proven physical pain and mental suffering undergone by plaintiff as the result of his serious and extensive injuries. Because the verdict fails to give "substantial compensation for substantial injuries" (Walker v. Henderson, 275 Ala. 541,156 So.2d 633 (1963)), the trial court's order denying the plaintiff's motion for a new trial must be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.