ALMON, Justice.
This is a personal injury case. The trial court entered judgment on the jury verdict for plaintiff and denied plaintiff’s motion for new trial alleging inadequate damages. Plaintiff, James Mitchell, contends that the jury’s award fails to compensate him for *818 his proven special damages or for his pain and suffering.
Mitchell was injured when he fell from a scaffold. He sued two of his co-employees, alleging their negligent failure to provide him with a safe place to work. The jury returned a verdict in the amount of $13,-863.72. Mitchell contends that the undisputed evidence showed his medical expenses as $7,775.34 and his lost wages as $13,318.96. He argues that the failure of the jury to return a verdict for these special damages plus some amount for pain and suffering was grounds for a new trial, and that the failure of the trial court to grant his motion for new trial was reversible error. Ex parte Patterson, 459 So.2d 883 (Ala.1984); Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala.1980); McCain v. Redman Homes, Inc., 387 So.2d 809 (Ala.1980); Bibb v. Nelson, 379 So.2d 1254 (Ala.1980).
This case does not fall within the rule of the cited cases, however, because there was disputed evidence as to the extent of Mitchell’s injuries, the time at which he could have returned to work, and the amount he would have earned had he been working. Mitchell complained of severe back pain, but two of his doctors could find nothing to cause such pain. The jury awarded more than $6,000 above his medical expenses. Thus, we cannot say that the trial court erred in denying his motion for new trial.
The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEAT-TY and HOUSTON, JJ., concur.