This is an appeal by the defendants, Jerry Johnson and Helena Chemical Company, from the granting of a motion by plaintiffs, Gertrude and William Ahern, for a new trial. We reverse.
The Aherns filed a negligence action against the appellants, seeking damages for injuries suffered by Gertrude in an automobile accident in September 1981 and for loss of consortium by her husband, William, as a result of Gertrude's injuries. Gertrude claimed expenses of $86,227.30 for various medical services and $3,320.65 in travel expenses to receive the medical services. At trial, the appellants had no objections to the reasonableness of these expenses but did have objections to the necessity of the expenses in relation to the automobile accident.
The appellants' major contention is that Gertrude's medical expenses were not incurred as a proximate result of the automobile accident but were incurred as a proximate result of the continuing deteriorating condition of her lower spine. Prior to the September 1981 accident, Gertrude had had a substantial history of problems with her lower spine, which required four lumbar laminectomies, beginning in 1964. In addition, one week prior to the accident, Gertrude was taking medication for lower back pain, which she testified was brought on by sleeping on the floor while her husband was in the hospital.
Immediately after the automobile accident, Gertrude complained only of a pain in her knee, and the state trooper investigating the accident did not call medical assistance for her because she said she was not hurt. Gertrude continued to work at her part-time job from the date of the accident until December 22, 1981.
On October 20, 1981, Gertrude was examined by a Dr. Redler in New Orleans, Louisiana. He performed an X-ray examination of the lumbosacral portion of Gertrude's spine, which revealed that no fractures, dislocations, or sprains had occurred. Gertrude did not see a physician again until December 28, 1981, when she saw Dr. Williams, who had taken over Dr. Redler's practice in New Orleans. Dr. Williams diagnosed Gertrude's condition as a pseudoarthrosis of a previously attempted lumbar fusion, which is a fibrous union of the *Page 14 
spine rather than a boney union. Gertrude had surgery in 1982 for treatment of a disruption of the fibrous union. Dr. Williams stated that it was possible that the problems he and Dr. Redler had treated Gertrude for since the accident were caused by the accident, but he could not say with any degree of medical certainty that they were. Dr. Williams also testified that Gertrude's condition could have just happened and that it could have been caused by doing some kind of work around the house, "such as lifting a bag of groceries or doing the laundry."
The jury awarded $29,000 to Gertrude and $21,000 to William. Three grounds were asserted in the Aherns' motion for new trial; however, the trial court did not specify upon which ground the motion was granted. "[I]f the trial judge grants a new trial and fails to state the grounds therefor, the appellate court must uphold the granting of a new trial if any ground for a new trial supports the trial judge's action."Bekins Van Lines v. Beal, 418 So.2d 81, 83 (Ala. 1982).
The first ground of the motion for new trial was that the trial court refused to allow the Aherns to introduce into evidence a document which allegedly related to the credibility of appellant Jerry Johnson. Johnson's deposition testimony was read into evidence. In the deposition Johnson testified that his driver's license had been suspended sometime after the accident because he had an expired automobile tag. The Aherns attempted to introduce into evidence a document from the Alabama Department of Public Safety which showed that Johnson's driver's license was suspended for failure to appear in court on an expired tag charge. The Aherns assert that this document was offered for the purpose of impeaching the credibility of Johnson and that it shows the true reason Johnson's license was suspended.
It is a general rule that it is impermissible to impeach a witness with self-contradiction concerning an immaterial matter. C. Gamble, McElroy's Alabama Evidence, § 156.01 (3d ed. 1977). Whether Johnson possessed a driver's license at some point after the accident is immaterial because it is not an ultimate issue in this case. See McElroy's Alabama Evidence, § 21.01 (1), and Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633
(1954). Therefore, the failure of the trial court to allow the introduction of the above document is not a proper ground for the granting of a new trial.
The second ground of the motion for new trial is whether it was proper for the investigating state trooper to give opinion evidence as to what constitutes a reasonably safe speed on the road on which the accident occurred.
In White v. Zutell, 263 F.2d 613 (2d Cir. 1959), the court held that a police officer who investigated an accident could properly testify to what would have constituted a reasonable and safe speed under the road conditions at the time and place of the accident. We hold that the fact that the state trooper in the instant case gave such opinion evidence is not grounds for the granting of a new trial.
The Aherns' final ground in their motion for new trial is that the damages were inadequate.
When reviewing a motion for new trial on the grounds of inadequate damages, the reviewing court must consider whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice, and whether the verdict fails to give substantial compensation for substantial injuries. Orr v. Hammond, 460 So.2d 1322
(Ala.Civ.App. 1984). In addition, the reviewing court must keep in mind that a jury verdict is presumed to be correct and will not be set aside for an inadequate award of damages unless the amount awarded is so inadequate as to indicate that the verdict is the result of passion, prejudice, or other improper motive.Orr v. Hammond, supra. *Page 15 
Whether Gertrude's medical expenses were proximately caused by the automobile accident and the negligence of the appellants was a question for the jury. See Stone v. Echols, 351 So.2d 902
(Ala. 1977). There was conflicting evidence as to the proximate cause of Gertrude's injuries. Gertrude was experiencing no back pain immediately following the accident. She had had prior back problems which were causing her pain one week prior to the accident. Her doctor could not say with medical certainty that the accident caused the back problems that occurred after the accident, and he even stated that there were other possible reasons for her condition.
There are decisions which have held that when liability is proven, a verdict must be returned which includes an amount at least as high as the uncontradicted special damages, as well as sufficient compensation for pain and suffering. See Ex partePatterson, 459 So.2d 883 (Ala. 1984); McCain v. Redman Homes,Inc., 387 So.2d 809 (Ala. 1980); Bibb v. Nelson, 379 So.2d 1254
(Ala. 1980); and Stone v. Echols, supra. However, the special damages in the instant case were contradicted in that the evidence reflected that the proximate cause of Gertrude's medical expenses was in conflict. The jury apparently felt that many of the claimed special damages did not result from the appellants' negligence. In light of the conflicting evidence, we cannot say that the verdict failed to do substantial justice. Therefore, a new trial should not have been granted on the basis of inadequate damages.
In the recent case of Jawad v. Granade, [Ms. 84-933 September 26, 1986] ___ So.2d 497 So.2d 471 (Ala. 1986), this Court adopted a new standard for appellate review of orders granting new trials on the sole ground that the verdict is against the great weight and preponderance of the evidence. Such an order will be reversed for abuse of discretion if on review "its is easily perceivable from the record that the jury verdict is supported by the evidence." 497 So.2d at 477.
Due to Gertrude's history of back problems, the nature of her condition after the accident, and the evidence of various possible causes of her condition, we are not convinced that the jury's verdict was against the great weight and preponderance of the evidence. It is easy for us to perceive from the record that the jury verdict is supported by the evidence.
Since the granting of a new trial in this case is not supported by any of the grounds asserted and the verdict is not against the great weight and preponderance of the evidence, the judgment of the trial court is reversed and the cause remanded for reinstatement of the jury verdict.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.