EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an automobile accident case for the recovery of personal injury damages suffered by the plaintiffs, Mr. and Mrs. Thornton, as occasioned by the defendant’s negligence.
After a jury trial, a verdict was returned in favor of the plaintiffs in the amount of $1,100, and a judgment was entered by the trial court pursuant to that verdict. In the plaintiffs’ new trial motion, they alleged that the sum of $1,100 was totally inadequate to compensate them for the injuries and damages which they had suffered and that the verdict was against the great weight of the evidence. That motion for a new trial was denied by operation of Rule 59.1, Alabama Rules of Civil Procedure, when the motion was not disposed of by the trial court within ninety days after it was filed. The plaintiffs timely appealed to the supreme court, which recently transferred the appeal to this court.
Since the dispositive issue on appeal is whether the trial court erred in overruling the plaintiffs’ motion for a new trial because of the inadequacy of the jury’s verdict as to damages, we summarize only the evidence which was presented as to damages. The following evidence was introduced by the plaintiffs, and it was not controverted.
As a result of the accident, Mr. Thornton suffered a jamming type injury to the last joint of his right thumb. In treating that injury, he incurred certain reasonable doctor and medical bills in the minimum sum of $387.50. On account of that accident, Mr. Thornton lost at least $835.20 in *315 wages, which was composed of a loss of a minimum of 160 hours of work at a rate of pay of $5.22 per hour. In addition to the $1,222.70 in special damages, he also suffered physical pain, and his physician opined that Mr. Thornton suffered a permanent disability of 25% to his right thumb or a permanent disability of 5% to his body as a whole.
Mrs. Thornton testified, without being controverted, as to her loss of her husband’s services and conjugal fellowship.
The jury award was for $1,100 while the uncontroverted evidence was that Mr. Thornton suffered special damages amounting to at least $1,222.70. Also, the amount of the verdict was insufficient to provide any compensation to him for pain, suffering, or a permanent injury. It also failed to provide any damages to Mrs. Thornton for the loss which she testified that she suffered as a result of the accident. Such pain, suffering, and permanent injury to Mr. Thornton and the loss of his services and conjugal fellowship by Mrs. Thornton were not disputed by the evidence. The modern applicable rule was succinctly stated by Judge Holmes as follows: “[I]f there are special or compensatory damages and proof of some ‘pain and suffering,’ then there must be an award in excess of the special damages.” Benson v. Vick, 460 So.2d 1309, 1313 (Ala.Civ.App.1984). Since the verdict of the jury did not award substantial compensation for substantial injuries, the learned trial court’s order denying the plaintiffs’ motion for a new trial must be reversed, and the cause remanded for the entry of an order granting that motion for a new trial. Ex parte Patterson, 459 So.2d 883 (Ala.1984); McCain v. Redman Homes, Inc., 387 So.2d 809 (Ala.1980); Bibb v. Nelson, 379 So.2d 1254 (Ala.1980); Stone v. Echols, 351 So.2d 902 (Ala.1977); Benson, 460 So.2d 1309.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.