This is an insurance case.
After trial, a jury returned a verdict in favor of the insured, assessing damages at $6,278, and a judgment was entered therein.
The insurer, through able counsel, appeals, contending that the trial court erred in refusing to grant certain motions. We affirm.
In its written motions, the insurer moved for a directed verdict and for a judgment notwithstanding the verdict or, in the alternative, a new trial on the following pertinent ground:
 "8. The evidence is uncontroverted that the application for the policy in question, which was signed by the plaintiff, Paul Whiddon, contains information which was incorrect and which was material to the insurance coverage being applied for."
The dispositive issue is whether the question of "materiality" in this instance is a factual one for determination by a jury.
We note at this point, as the insurer notes in brief, that the scintilla rule controls, which in the instant appeal means that the case must be submitted to the jury if there is a scintilla of evidence in support of the theory of the complaint. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297
(Ala. 1986).
The record discloses that Paul and Lynn Whiddon had contemplated purchasing health insurance since the time of their marriage in July 1983. They eventually applied for a policy with the insurer on December 8, 1983. Lynn Whiddon had recently experienced symptoms of digestive disorder, such as indigestion and vomiting, and had felt ill the evening of December 7, 1983, continuing into the next morning. En route to apply for the policy on December 8, Paul Whiddon dropped his wife off to see a doctor about her symptoms.
At the insurer's office, Whiddon answered on his policy application that neither he nor his wife had consulted a doctor in the past five years. He also answered in the negative as to whether he or his wife had ever been treated for ulcers or disorders of the stomach or intestines. A policy was issued to the Whiddons on the basis of the application.
When Whiddon returned to pick up his wife at the doctor's office, he learned that she had been diagnosed as possibly having a mild ulcer. Less than a month later she experienced much more severe symptoms and was diagnosed as having gallstones, which were removed shortly thereafter by surgery. The insurance claim filed by the *Page 1268 
Whiddons was denied by the insurer, and they filed suit for breach of contract.
The insurer argues on appeal that § 27-14-7, Ala. Code (1975) (Repl.Vol. 1986), permits it to void its policy with the Whiddons under the facts of this case. The statute provides in pertinent part the following:
 "(a) All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by, or in behalf of, the insured or annuitant shall be deemed to be representations and not warranties. Misrepresentations, ommissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either:
"(1) Fraudulent;
 "(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or
 "(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued a policy or contract at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise."
Alabama courts have consistently held that the issue of whether a particular fact increases the risk of loss assumed by an insurance company — that is, whether it is material to the insurance coverage — is generally one for the jury. Clark v.Alabama Farm Bureau Mutual Casualty Insurance Co.,465 So.2d 1135 (Ala.Civ.App. 1984); National Security Insurance Co. v.Tellis, 39 Ala. App. 455, 104 So.2d 483 (1958). We have held elsewhere in this regard that, in order for the insurer to avoid liability on the ground of misrepresentation, it must appear that the misrepresentations relate to some serious ailment material to the question of the potential disability of the insured. Unionmutual Stock Life Insurance Co. v. Wilkerson,367 So.2d 964 (Ala.Civ.App. 1979). Thus, while courts will take judicial notice that certain maladies such as cancer increase the risk of loss as a matter of law, Liberty NationalLife Insurance Co. v. Trammell, 35 Ala. App. 300, 51 So.2d 167
(1949), the general rule is that the question of materiality is one for the jury. Clark, 465 So.2d at 1139.
We have similarly noted that the issue of whether an insurer would in good faith not have extended coverage but for the misrepresentations is an issue correctly submitted to the jury.Wilkerson, 367 So.2d at 970.
In short, we cannot agree with the insurer's argument that, in applying for health insurance, the failure to tell of a pending doctor's appointment for digestive distress, as a matter of law, allows an insurer to avoid liability under either § 27-14-7(2) or § 27-14-7(3). Under the facts of this case, the effect of the alleged misrepresentations on either the risk of loss, or the good faith decision of the insurer whether to insure or not, was a question properly submitted to the jury.
Regarding the scintilla standard, the evidence is present in the record that would support the theory that the misrepresentations were not material to the insurance being applied for. Therefore, the trial court did not err in submitting this case to the jury over the insurer's motions for directed verdict.
Although the point was not raised on appeal, the appropriate standard of review on appeal from the denial of a motion for new trial is whether the evidence, when viewed in a light most favorable to the non-moving party, furnishes support for the theory of the complaint and whether the judgment entered, based on the weight and sufficiency of the evidence presented, is palpably wrong or manifestly unjust. Interstate Engineering,Inc. v. Burnette, 474 So.2d 624 (Ala. 1985). Suffice it to say that we would have found no error in the court's denial of the insurer's new trial motion. *Page 1269 
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.