ROBERTSON, Judge
(dissenting).
I respectfully dissent.
In the case at bar, the evidence was greatly in dispute as to the extent of the injuries suffered by Cooperman in the accident. However, the evidence did show that Cooperman drove himself to a hospital emergency room shortly after the accident. The emergency room visit cost $181. A physician in the emergency room instructed Cooperman to stay off work for several days. In addition, Cooperman visited his personal physician, Dr. Thomas Staner, a few days after the accident, complaining of injuries suffered in the accident. Dr. Stan-er treated Cooperman for back pain, neck pain and a “drag” in the right foot.
Cooperman had previously undergone major surgery on his back and two surgeries on his left knee. After the accident, Cooperman again underwent back surgery and knee surgery. The defendants contend that these surgeries were totally unrelated to the October 21, 1985, traffic accident and were instead precipitated by other accidents involving Cooperman. Cooperman also asserts that he suffered a permanent reduction in earning capacity as a result of the accident in question. The defendants again argue that this accident was not the proximate cause of the reduction in earning capacity.
In light of the defendant’s argument as to the lack of proximate cause, the trial court determined that had the jury found in favor of the defendants the court would not have been entitled to set aside that verdict. The trial court thus determined that if no award would have been proper, then an award of only $200 was proper. Therein the trial court erred. The jury’s verdict established the liability of the de *602 fendants. Had the jury determined that the defendants’ action did not proximately cause Cooperman’s injury, it would have been compelled to find in favor of the defendants. Once the jury determined liability, it then became the jury’s responsibility to award compensatory damages in accordance with the injuries suffered. McCain v. Redman Homes, Inc., 387 So.2d 809 (Ala.1980), Bibb v. Nelson, 379 So.2d 1254 (Ala.1980).
Even assuming the back surgery and knee surgery were not proximately caused by the October 21, 1985, accident, the jury verdict in this case is still inadequate. Coo-perman proved special damages of over $200 by proof of the wages lost in the first week after the accident. When there are special or compensatory damages together with some proof of pain and suffering, the jury must award an amount in excess of the special damages. Thornton v. Hale, 504 So.2d 314 (Ala.Civ.App.1987); Benson v. Vick, 460 So.2d 1309 (Ala.Civ.App.1984). Here the special damages undisputedly exceeded $200. Thus the jury’s award is inadequate.
I do not mean to say that all the damages claimed by Cooperman are due to be awarded. Special damages are by definition damages which “actually flow from the [tortious] Act”. C. Gamble, Alabama Law of Damages, § 36-1 (2d ed. 1988). A jury would be entitled to decline to award those damages which it determines did not actually flow from the auto accident. It may not, however, award less than the amount of damages conclusively proven to have arisen out of the accident.
Therefore, I respectfully dissent.