This case arose from an automobile accident which occurred in August 1984. Margaret E. Stricklin ("plaintiff") claimed she suffered damages occasioned by the defendant's negligence. After a jury trial, a verdict was returned in favor of the plaintiff for $10,000. The plaintiff then filed a motion for a new trial, alleging that the $10,000 damages were inadequate. This motion was overruled, and the plaintiff now appeals to this court.
The dispositive issue on appeal is whether the trial court erred in refusing to grant plaintiff's motion for a new trial on the ground of inadequacy of the jury's verdict.
At the outset, we note that when reviewing a motion for a new trial on the ground of inadequate damages, the reviewing court must consider whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice and whether the verdict fails to give substantial compensation for substantial injuries. HelenaChemical Co. v. Ahern, 496 So.2d 12 (Ala. 1986). In addition, the reviewing court must keep in mind that a jury verdict is presumed to be correct and will not be set aside for an inadequate award of damages unless the amount awarded is so inadequate as to indicate that the verdict is the result of passion, prejudice, or other improper motive. Helena, supra.
Here, the trial court charged the jury that "the reasonableness of and the necessity of such expenses are matters for [the jury's] determination from the evidence." Counsel for the plaintiff made no objection to this charge; therefore, whether the plaintiff's medical expenses were proximately caused by the automobile accident and the negligence of the defendant was a question for the jury.Helena, supra. From a review of the record, it is clear that there was conflicting evidence as to the proximate cause of certain of the plaintiff's injuries. During the trial, the defendant maintained that the condition for which the plaintiff sought chiropractic treatment was not a proximate result of the automobile accident. There was testimony from competent medical experts that plaintiff was not suffering from this condition during the ten months of their treatment of her following the accident. Further, there was expert testimony that if indeed plaintiff was suffering from the condition the chiropractor testified to, then it must have occurred after the accident in question.
Therefore, the damages plaintiff contended she suffered as a result of the accident were contradicted. The jury apparently *Page 57 
felt that many of the claimed medical expenses did not result from the defendant's negligence. In light of the conflicting evidence, we cannot say that the verdict failed to do substantial justice in light of the weight of the evidence. Therefore, the trial court was correct in not granting a new trial on the basis of inadequate damages.
We would note that plaintiff contends on appeal that "the parties [had] stipulated the reasonable and necessary medical bills of the plaintiff" and, therefore, that the jury verdict was inadequate. However, as noted above, the question of whether certain medical expenses were proximately caused by the accident were clearly at issue in the trial. We have held that, although the parties may enter into an agreement, the court is not bound by the parties' agreement if it is contrary to the evidence disclosed by the testimony. Montgomery v. Mardis,416 So.2d 1042 (Ala.Civ.App. 1982). Further, the jury was charged that the reasonableness and the necessity of the expenses were for its determination. As no objection was made to this charge, plaintiff is now precluded from arguing this on appeal. Rule 51, Alabama Rules of Civil Procedure.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.