ROBERTSON, Judge.
This action is brought under the Federal Employers’ Liability Act (FELA), Title 45 U.S.C. §§ 51-60 (1982).
Tynes sued his employer, Alabama Great Southern Railroad Co. (AGS), claiming several negligent acts or omissions on the part of AGS which resulted in injuries to him. AGS filed a general denial and alternatively averred that Tynes was guilty of contributory negligence. The jury returned a general verdict in the amount of $4412. After a motion for new trial was denied, Tynes appeals.
The dispositive issue on appeal is whether the trial court erred in denying the motion for new trial on the grounds of (1) the inadequacy of damages, and (2) the admission into evidence of testimony on matters collateral to the issues being tried.
AGS is an Alabama corporation that controls and operates railroad tracks and facilities doing business in transportation and commerce. Tynes (appellant) began his employment with AGS in July 1976. He has completed various training programs offered to AGS employees, and on the date of the alleged injury appellant was working as a switchman. Appellant’s duties with AGS included alighting and dismounting from freight train cars going approximately two to four miles per hour.
On the night of Thursday, March 7,1985, appellant claims, he stepped on the edge of a protruding switch tie while dismounting a car. He claims to have twisted his left ankle and right knee causing him to fall backwards to the ground. No one witnessed exactly what happened although an engineer testified that he saw appellant go down and his lantern go away from him. Two other crew members helped appellant up and observed appellant’s ankle as “swelling and puffy.”
Appellant presented testimony that the work area was dimly lit on that particular night which limited visibility. He claims that prior to dismounting the car, he scanned the area with his railroad lantern and saw no obstruction to a safe dismount. He alleges that AGS negligently maintained the work area in a manner that increased the likelihood of him tripping and falling.
Appellant claims pain to the left ankle and right knee immediately on falling but that the left ankle was more severe. He continued to work the shift and later wrote an accident report referring only to the ankle injury. He testified that he worked in pain the following day and was off for the weekend, and that the ankle and knee were still hurting him when he returned to work on Monday. On the Monday night shift, he says his right knee “locked up” on him, and he wrote another accident report *429 relating the “locking up” incident to the fall four days earlier.
Appellant went to the doctor the next day, Tuesday, March 12, 1985, complaining of pain in both the ankle and knee and was prescribed anti-inflammatory and pain medication. He continued under medical supervision for the injured knee until August, when he underwent knee surgery, and returned to work in October. He continues to work regularly.
Appellant presented medical testimony that the knee injury was due to the March 7, 1985, accident and that as a result, he suffers permanent partial disability. Medical testimony indicated that appellant will unquestionably suffer degenerative changes in the injured knee that may require him to eventually take a more sedentary line of work.
Appellant argues on appeal that the trial court committed reversible error in not granting his motion for a new trial on the grounds of inadequacy of damages and the admission into evidence of testimony on matters collateral to the issues being tried.
We note here that, in reviewing an appeal from a denial of a motion for new trial, our standard is limited to whether the evidence, when viewed in a light most favorable to the non-moving party, supports “the theory of the complaint and whether the judgment entered, based on the weight and sufficiency of the evidence presented, is palpably wrong or manifestly unjust.” State Farm Insurance Co. v. Whiddon, 515 So.2d 1266, 1268 (Ala.Civ.App.1987).
Further, in cases such as this, where the jury verdict is followed by the trial court’s refusal to grant a new trial, there is a strong presumption of its correctness. American Furniture Galleries v. McWane, Inc., 477 So.2d 369 (Ala.1985).
As to appellant’s first argument concerning the inadequacy of damages, appellant argues that the jury award fails to give “substantial compensation” for unquestioned substantial injuries and damages. He cites our recent decision in Thornton v. Hale, 504 So.2d 314 (Ala.Civ.App.1987), to support his position. In that case the jury award was less than the amount of damages proven by uncontroverted evidence. Additionally, the jury verdict in Thornton failed to provide any compensation for pain, suffering, or a permanent injury. We distinguish Thornton from the instant case in that the evidence in Thornton was undisputed. In the present case the evidence was clearly disputed, controverted, and in conflict throughout many days of a jury proceeding. Both sides vigorously presented their case to the jury.
The jury is free to discard or disbelieve whatever facts are inconsistent with its conclusions in FELA cases. Dennis v. Denver & Rio Grande Western R.R., 375 U.S. 208, 84 S.Ct. 291, 11 L.Ed.2d 256 (1963).
In complying with Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), the trial court entered a supplemental order stating that the jury verdict was not flawed. The trial judge is in a better position to determine whether the jury verdict is flawed. Hammond, supra. The order denying the motion for new trial stated:
“There is no question that the jury could have returned a substantial verdict under the evidence in this case_ Ob-
viously, the jury did not accept the plaintiff’s position. Was there evidence, substantial evidence, for the jury to return a relatively small verdict and conscientiously do so? ... ‘Yes’-
“[T]his was a typical case of genuine dispute which the jury system is designed to resolve....
"... The parties got a fair and impartial trial. The jury rendered the verdict without bias, prejudice, or other improper motive. That is the way the system is designed to work and a trial court should rarely intervene where such circumstances exist.... This verdict is not so flEjwpd.”
The jury verdict is presumed to be correct and will not be set aside due to inadequate damages unless the amount is so inadequate that it is apparent the verdict is the result of passion, prejudice, or improper motive. Lartigue v. Fleming, 489 So.2d *430 583 (Ala.Civ.App.1986). Further, the assessment of damages lies within the discretion of the jury in the first instance, and in the discretion of the trial court on a motion for new trial. Lartigue, swpra.
Our review of the record reveals that appellant’s counsel ably and forcefully presented evidence that could support a substantial verdict, just as counsel for AGS presented evidence equally substantial to support a completely contrary verdict.
FELA, 45 U.S.C. § 53, allows a jury to diminish damages in proportion to the amount of negligence attributable to an employee. AGS presented testimony that appellant simply failed to look prior to dismounting the freight car thereby causing his own injury.
The jury is free to determine which of the conflicting evidence is more credible to support the verdict in FELA cases. Brown v. Seaboard Coast Line R.R., 473 So.2d 1022 (Ala.1985).
Comparative negligence rather than contributory negligence applies in FELA cases, and the employee’s negligence may be used as a factor to diminish the damages. Brown, supra.
As in Williams v. Illinois Central Gulf R.R., [Ms. Civ. 6701, March 29, 1989] (Ala.Civ.App.1989), the jury verdict here is a general one, and we are unable to determine what percentages of the negligence causing the injury the jury apportioned to the appellant and AGS. Additionally, we cannot determine what amounts of the verdict are apportioned for the different types of damages claimed by appellant. Appellant’s claim included damages for lost wages, loss of a job opportunity, and permanent disability. AGS presented evidence that contradicted appellant’s claims for those damages. The jury obviously chose to believe appellant’s claims only to a limited extent.
Appellant also argues that the trial court erred in denying his motion for new trial on the grounds of admission into evidence of testimony dealing with his physical activities unrelated to the job and his home location.
The trial court has wide discretion in the admissibility of evidence. Its rulings on such matters will not be reversed on appeal absent gross abuse that results in substantial injury to the objecting party. Perry v. Brakefield, 534 So.2d 602 (Ala.1988). Cross-examination is not limited to matters addressed in direct examination, and matters which are relevant may be discussed for the first time in cross-examination. Perry, supra.
Appellant argues that the trial court erred in admitting evidence regarding his past and present physical activities such as playing football, riding bulls in rodeos, water skiing, jogging, etc. Appellant contends that these matters are collateral and totally irrelevant to this case and should not have been allowed for the jury to consider. Appellant contends that he objected to the testimony, and that the trial court was in error to overrule his objections.
Our review of the transcript of the proceedings reveals that appellant did object during the time he was being questioned regarding these activities. However, his objections came long after the line of questioning began.
The trial court does not commit error in admitting evidence when no objection is made. Failure to timely object to evidence at the time of its admission is a waiver to later claiming error. Once admitted without objection or with a waiver to objection, the jury may consider it. Carter v. Reid, 540 So.2d 57 (Ala.1989).
Even if appellant’s objections had been timely, appellant’s physical condition and activity level before, during, and after the injury, are relevant in this case. AGS presented medical testimony that a knee injury such as appellant’s could have occurred years ago without showing symptoms or pain. AGS also presented evidence that appellant’s application for employment with AGS indicated he had never been injured and had never had an X-ray other than for routine military purposes. Yet appellant testified to suffering a broken right ankle as a result of a football injury in high school.
*431 Appellant also contends that admission of evidence regarding his home location, comfort, and enjoyment, was in error. Reviewing the record, we find that appellant “opened the door” to this line of evi-' dence on direct examination when he explained why he chose not to relocate to advance his career with AGS several years before. Also appellant claimed damages due to loss of a job opportunity with Amtrak to make more money as a direct result of failing the physical examination. AGS contended that appellant never intended to leave his home to accept that job if offered and, therefore, that he should not be allowed damages for loss of a job opportunity he had no intention of accepting. It is within the discretion of the trial court to admit relevant evidence, and the rulings of the trial court on questions of materiality, relevancy, and remoteness, will not be disturbed absent a gross abuse of discretion. Ryan v. Acuff, 435 So.2d 1244 (Ala.1983). Finding no reversible error, we conclude that this case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.