RUSSELL, Judge.
Robert and Rhonda Tyree were involved in an automobile accident with Charles Berry, resulting in their filing a complaint alleging physical injury, property damage, pain and suffering, and emotional distress. The parties stipulated to the Tyrees’ damages of $1,000 in future medical bills, $1,500 in past medical expenses, $100 in lost wages, and $2,500 in property damage, for a total of $5,100. The jury returned a verdict for $6,100.
The Tyrees filed a motion for additur or, in the alternative, for a new trial. The motion was denied as a matter of law when it had been pending for ninety days. The trial court subsequently entered an order stating that the motion had been denied by operation of law and that it would have denied the motion anyway. The Tyrees appeal. We affirm.
The dispositive issue is whether the trial court erred in refusing to grant the Tyrees’ motion for a new trial on the ground of inadequacy of the jury’s verdict.
Initially, we note that jury verdicts are presumed to be correct and that the trial court’s denial of a motion for a new trial strengthens this presumption. Ashbee v. Brock, 510 So.2d 214 (Ala.1987). The evidence must be viewed most favorably to the prevailing party, and we may not reverse unless the judgment based on the jury verdict is plainly and palpably wrong. Id. Furthermore, when reviewing a motion for a new trial on the ground of inadequate damages, this court must determine whether the verdict is so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice and whether the verdict fails to give substantial compensation for substantial injuries. Stricklin v. Skipper, 545 So.2d 55 (Ala.Civ.App.1988).
The Tyrees first contend that the trial court erred in failing to list for the record the factors considered in denying their motion for additur, or for a new trial, as required by Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). However, we note that the scope of Hammond has been narrowed so that “it does not apply to an award exclusively for compensatory damages where evidence to support the award is clearly in the record.” Dependable Insurance Co. v. Kirkpatrick, 514 So.2d 804, 807 (Ala.1987). See also Dare Productions, Inc. v. Alabama, 574 So.2d 847 (Ala.Civ.App.1990). Clearly, in the present case the record contains evidence to support the damages award, and we hold that a remand of this case is not necessary.
The Tyrees next contend that the verdict was inadequate because, they claim, the jury’s determination was based on sympathy for Berry, who was eighty-three years old at the time of the accident.
The assessment of damages is within the discretion of the jury. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App.1988). However, when liability has been proven, the verdict must be in an amount at least as high as the uncontradicted special damages and must include a reasonable amount as compensation for pain and suffering. Id; Lynch v. Rowser, 597 So.2d 227 (Ala.Civ.App.1992).
The record reveals that Rhonda Tyree was approximately twelve weeks’ pregnant at the time of the accident, and she stated that because of the accident she was concerned over the health and safety of her unborn child. However, after a gynecological examination on the day of the accident *1091 and sonarography performed the day after the accident, she was reassured that there appeared to be no problems with the pregnancy. In addition, her forehead was cut, with a resulting scar. The evidence indicated that for $1,000 the scar could be corrected, and that amount was included in the amount of the damages. Robert Tyree was also cut on the head, and the expenses of his medical treatment were included in the amount of the damages. The jury awarded $1,000 over the amount of stipulated special damages.
In the present case there was no evidence that the amount of the damages awarded were because of the jury’s sympathy for Berry, who was eighty-five at the time of the trial and had undergone cataract and other corrective eye surgery eleven days before the accident.
Viewing the evidence most favorable to the prevailing party, we determine that the judgment based on the jury verdict is not plainly and palpably wrong. Ashbee, 510 So.2d 214. We further determine that the verdict is not so opposed to the clear and convincing weight of the evidence as to clearly fail to do substantial justice or to give substantial compensation for substantial injuries. Stricklin, 545 So.2d 55.
The Tyrees finally contend that the trial court erred in denying their motion for new trial because, they claim, Berry’s attorney made grossly improper and prejudicial statements during his closing argument. They claim that the decision not to object to the arguments at the time they were made was arrived at because their attorney believed that this would magnify the effect of the improper arguments. They also state that the improper arguments concerned settlement attempts, Berry’s retarded son being a passenger in the car, and the suggestion that the Tyrees could sue Berry’s eye doctor because he did not tell Berry not to drive an automobile. However, because the Tyrees failed to object during closing argument, there is no record of the statements made.
“Without due objection by counsel or a motion to exclude and a ruling by the trial court, improper argument of counsel is not ground for new trial nor the subject of review on appeal. An exception is where it can be shown that counsel’s remarks were so grossly improper and highly prejudicial as to be beyond corrective action by the trial court.”
Alabama Power Co. v. Henderson, 342 So.2d 323, 327 (Ala.1977). See also Hill v. Sherwood, 488 So.2d 1357 (Ala.1986).
Although the Tyrees contend that the remarks were so grossly improper and highly prejudicial as to be beyond corrective action by the trial court, we hold that the remarks as characterized by the Tyrees were not within that category of statements. Therefore, without a timely objection by the Tyrees’ attorney, there is no error to be reviewed by this court.
Based on the above, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J„ concur.