PER CURIAM.
Dean Garrett sued the City of Auburn and Douglas J. Watson, individually and in his capacity as city manager of Auburn, alleging breach of contract and fraud arising out of the defendants’ failure to promote Garrett to the position of captain of the city fire department. The defendants moved for a summary judgment, which was partially granted to disallow an award of punitive damages against the City of Auburn. During the ensuing jury trial, the defendants moved for a directed verdict at the close of Garrett’s case and at the close of all the evidence; these motions were denied. The jury returned a verdict in favor of Garrett and awarded him compensatory damages of $2,268.26 from the City of Auburn and $150,-000 in punitive damages from Watson. The defendants subsequently moved for a new trial, which the trial court granted. Garrett *1034 filed a “Motion for the Court To State Specific Grounds As To the Granting of the Defendant’s Motion for New Trial.” The trial court issued an order setting out its reasons. Garrett appeals.
The dispositive issue is whether the trial court’s grounds for granting the new trial were proper under Alabama law. These grounds were set out in the trial court’s order:
“In view of the fact no compensatory damages were awarded by the jury against Doug Watson, the jury found Mr. Watson caused no actual damages. Because the award for punitive damages against Mr. Watson was not based on actual damages caused by Mr. Watson, a new trial is ordered.
[[Image here]]
“The Court does not wish to substitute its judgment for that of the jury, rather the verdict of the jury electing to award no compensatory damages against Mr. Watson but awarding substantial punitive damages makes it necessary that a new trial be granted.”
This Court has recently established that an award of compensatory damages is not necessary to support a jury’s award of punitive damages where the record clearly supports the jury’s finding that the plaintiff had been injured by the defendant’s fraudulent conduct. Caterpillar, Inc. v. Hightower, 605 So.2d 1193 (Ala.1992); First Bank ofBoaz v. Fielder, 590 So.2d 893 (Ala.1991). Such evidence is apparent fi’om the record in this case; therefore, the trial court erred in granting the new trial.
We note the defendants’ argument that the trial court’s order setting out its reasons for granting the new trial was untimely and thus cannot be considered by this Court. The defendants filed their motions for new trial on April 7, 1992, and the trial court granted the motions on June 10, 1992. The defendants contend that the trial court was without jurisdiction after that time to clarify the June 10 ruling. This argument is meritless. The court granted the new trial within the time allowed by Rule 59, A.R.Civ. P., and thereafter retained jurisdiction over the matter.[1] Its order clarifying the June 10 ruling is thus properly before this Court.
The trial court’s new trial order is reversed and this cause is remanded for reinstatement of the jury’s verdict and award of damages.
REVERSED AND REMANDED.
SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.

. This case is to be distinguished from Ex parte Dowling, 477 So.2d 400 (Ala.1985) ("In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to 'reconsider' the denial." ATI So.2d at 404 (emphasis added)). In this case, the trial court did not attempt to change its ruling; it merely supplied some written reasons for its previous order. Also, the post-judgment motion was not denied in this case. Even though an order granting a motion for new trial may be appealed as of right (Ala. Code 1975, § 12-22-10), such an order is not a "final judgment”; that is why the trial court "retained jurisdiction over the matter” in this case. Because the "clarifying” order in this case was issued before the filing of the notice of appeal, no issue exists as to the effect of an appeal on the jurisdiction of the trial court.