Chong Suk Mun Jones and her husband Charles L. Jones appeal from the circuit court's denial of their motion for a new trial in their action against Christopher Carter arising from an automobile collision. On April 7, 1992, Carter's automobile struck Mrs. Jones's 1990 Plymouth automobile from the rear, propelling it into oncoming traffic, where it was struck by another car. Mrs. Jones's automobile was a total loss, and she alleged that she sustained some injuries. She filed a negligence action, seeking damages for personal injuries and property damage. Mr. Jones joined in the complaint, alleging loss of consortium.
At trial Mr. Jones testified that the value of the automobile was $9,000 immediately before the accident and that the automobile was valueless after the accident. Carter offered no evidence as to the value of the automobile. The Joneses also offered evidence that Mrs. Jones incurred $2,660 in medical expenses as a result of the collision. The defense attorney cross-examined both plaintiffs about the extent of Mrs. Jones's injuries, but offered no evidence to contradict the Joneses' testimony regarding the amount and necessity of the medical expenses.
The jury returned a verdict awarding Mrs. Jones $3,500 in damages and a verdict for Mr. Jones awarding zero damages. The Joneses filed a timely motion for a new trial, asserting that the verdict was not supported by the evidence and was inconsistent. The circuit court denied the motion. The Joneses argue that the circuit court abused its discretion in doing so.
We will first address the argument that the award of only $3,500 to Mrs. Jones was not supported by the evidence.
Generally, a jury determination of damages is presumed to be correct and will not be disturbed unless it is so contrary to the evidence that it is unjust. IMAC Energy, Inc. v. Tittle,590 So.2d 163 (Ala. 1991). However, it is well settled that where the verdict is not supported by any evidence the trial court has a duty to grant a new trial. Stinson v. Acme PropaneGas Co., 391 So.2d 659 (Ala. 1980); Farmers Ginners Cotton OilCo. v. Reliance Ins. Co., 341 So.2d 147 (Ala. 1976). The verdict in the present case was not supported by any evidence. The only evidence offered as to the value of the automobile placed the value at $9,000. Thus, there was uncontested evidence of $9,000 of property damage. The Plymouth was a late model automobile, with low mileage, and *Page 653 
there was no circumstantial evidence to call into question Mr. Jones's valuation. There may be a question as to whether Carter's cross-examination of the Joneses in some way controverted their evidence that Mrs. Jones incurred medical expenses of $2,660. However, any such question is immaterial, because, although there was absolutely no challenge to the value of the Plymouth, the damages award is far less than the uncontested value of $9,000. The jury award of only $3,500 in damages is clearly not supported by the evidence.
This case is very similar to Stone v. Echols, 351 So.2d 902
(Ala. 1977). In Stone, the uncontroverted evidence showed that the plaintiff's automobile had a value of $4,500 immediately before a collision and had no value after the collision. The jury returned a verdict for the plaintiff and awarded $4,000 in damages. This Court held that the $4,000 award, which was not consistent with the uncontested evidence as to the value of the automobile, was not supported by the evidence and had to be set aside. 351 So.2d at 904.
Carter asserts that the jury relied upon a statement made by Mr. Jones, during direct examination, in determining the amount of the damages award:
 "Q. Okay. Now, in conjunction — in further conjunction, there was a period of time where you had to rent a car before you were able to purchase another car, is that right?
 "A. Yes, sir, when the car was totaled out, I rented another car until we could get a settlement from the insur —"
Carter contends that the jury believed that the Joneses had already been compensated for their property damage by insurance and awarded Mrs. Jones damages only for her medical expenses. Even if Carter is correct that the jury relied upon this interrupted statement to determine the damages, the verdict is still improper.
It is well settled that the amount paid by an insurer to a plaintiff for damage to his vehicle does not affect his measure of recovery and that evidence of an insurance payment is not ordinarily admissible. Carlisle v. Miller, 275 Ala. 440,155 So.2d 689 (1963). While the question whether evidence of insurance is admissible usually arises in a context slightly different from that of the present case, the rule is no less applicable in the present case. The fact that Mr. Jones uttered part of the word "insurance" is irrelevant. The damages award was completely inconsistent with the uncontested evidence of the value of the automobile. The jury was not free to disregard the competent uncontroverted evidence and substitute its own judgment as to the value of the automobile. Stinson v. AcmePropane Gas Co., 391 So.2d 659 (Ala. 1980). Further, the jury was not free to assume that insurance, vaguely referred to at trial, had adequately compensated the Joneses. The only evidence before the jury established that Mrs. Jones was entitled, at a minimum, to $9,000 in damages. An award for any lesser amount is not supported by the evidence and is due to be set aside. The circuit court abused its discretion in not granting the motion for a new trial as to Mrs. Jones's claims.
Mr. Jones asserts that the verdict rendered in his favor on the loss of consortium claim but awarding zero damages is inconsistent. An award of zero damages on a verdict rendered in the plaintiff's favor is patently inconsistent. NortheastAlabama Regional Medical Ctr. v. Owens, 584 So.2d 1360
(Ala. 1991). Therefore, the court also erred in denying the motion for a new trial as to Mr. Jones's claim.
The judgment is reversed, and the cause is remanded for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, KENNEDY and COOK, JJ., concur. *Page 654