THOMPSON, Judge,
dissenting.
I must respectfully dissent.
After the trial court granted Smith’s motion for a new trial, MSLIC filed a motion pursuant to Rule 59(e), Ala. R. Civ. P. That motion was denied by operation of law, see Rule 59.1, Ala. R. Civ. P., and MSLIC appealed. This court, on October 17, 1997, dismissed MSLIC’s appeal as untimely. The Supreme Court of Alabama reversed our judgment, holding that MSLIC’s appeal was timely because the trial court’s grant of Smith’s motion for a new trial was a “new ‘judgment’ ” from which the aggrieved party could appeal or could file a posttrial motion. Ex parte Mutual Savings Life Ins. Co., 765 So.2d 649 (Ala.1998). In so holding, the Supreme Court held that Ex parte Dowling, 477 So.2d 400 (Ala.1985), was controlling and that this court had erred in relying on the earlier case of Sunshine Homes, Inc. v. Newton, 443 So.2d 921 (Ala.1983); the Supreme Court explicitly overruled Sunshine Homes to the extent that it contradicts Dowling.
In an order entered on February 3, 1997, the trial court stated its grounds for not granting MSLIC’s “motion to reconsider”[1] as follows:
“[MSLICj’s motion [to alter, amend, or vacate the order granting the motion for a new trial] was denied based on this Court’s conclusion that the damages awarded to [Smith] by the jury were inconsistent with the jury verdict in favor of [Smith], Whether the damages awarded were inconsistent with the jury verdict is a controlling question of law. If the [appellate court] determines that the award was consistent with the jury verdict, the litigation will terminate, thus avoiding further protracted and expensive litigation.”
The trial court entered this order after it had granted Smith’s motion for a new trial; thus, the trial court retained jurisdiction over the case and we can consider its order. Garrett v. City of Auburn, 623 So.2d 1033 (Ala.1993). That order clearly indicates the reasoning behind the trial court’s granting of Smith’s motion for a new trial.
Three claims went to the jury for its consideration. Neither party objected to the use of the general verdict form; the jury returned a general verdict in favor of Smith. Smith’s actual, out-of-pocket loss for all three claims was relatively minimal. Although I cannot discern with any certainty the basis of the jury’s award, the actual loss for two of Smith’s three claims totaled approximately $300; we can assume that the remainder of the amount awarded by the jury was for Smith’s claims of mental anguish. This court is not required to assume that the jury returned a verdict in favor of Smith on all of Smith’s claims. Alfa Mut. Ins. Co. v. Northington, 561 So.2d 1041 (Ala.1990). “The jury obviously chose to believe [Smith’s] claims only to a limited extent.” Tynes v. Alabama Great So. R.R., 550 So.2d 427, 430 (Ala.Civ.App.1989). I do not believe the jury’s verdict was inconsistent with the amount of damages it awarded.
*657 Furthermore, I do not believe that the trial court’s granting of Smith’s motion for a new trial was correct on “any ground.” See Lawson v. General Tel. Co. of Alabama, 289 Ala. 283, 267 So.2d 132 (1972). The majority bases its affirmance of the trial court’s order granting Smith’s motion for a new trial on § 12-13-11(6), Ala.Code 1975, which provides that a motion for a new trial may be granted where there is “[ejrror of law occurring at the trial and [it is] properly preserved by the party making the application.” (Emphasis supplied.) See also Bird v. Metropolitan Life Ins. Co., 705 So.2d 363, 365 (Ala.1997) (“A trial judge may grant a new trial on the ground that an error of law occurred at the trial, if the issue was properly preserved.”).
I do not believe the issue whether MSLIC’s counsel “opened the door” to allow evidence regarding the company’s wealth was properly preserved for appellate review. After carefully reviewing the record, I find no point at which Smith objected to the remarks of counsel for MSLIC in opening statements regarding the size of the company. In fact, it is noted in the record that “opening statements were made without objection.” During the testimony of the sixth witness, which occurred a day after the parties had made their opening statements, the jury was excused while the trial judge conducted a conference with the parties’ attorneys. It was during this conference that counsel for Smith first mentioned the comments the attorney for MSLIC had made in his opening statement. Smith’s counsel still did not object to those statements; rather, he wanted to use those statements as a basis for “opening the door,” allowing him to present evidence regarding the profitability of MSLIC.
“[COUNSEL FOR SMITH]: In opening argument, [counsel for MSLIC] stated that this was a small company. He also stated the fact that the company was owned by employees. That is opening the door for me to show that that is not true, and I am entitled to respond in kind, and I will present the Court with authority to that effect.
“THE COURT: What do you mean by ‘respond in kind’? I let you go into, and I do think it was appropriate, how many states they do business in. I think that is the type thing you can ask. I want to know now instead of before you ask the question what you are planning to do in that regard.
“[COUNSEL FOR SMITH]: The only thing I’d like to do right now to respond in kind is ask the witness questions about how much money the company made last year.
“THE COURT: Again, as I said, I am not going to let you go into that; I will let you ask related to the cancer policies that are involved here.
“[COUNSEL FOR SMITH]: What will the Court allow me to do to respond in kind to rebut what this lawyer has told the jury in opening [statements] that this is a small company?
“THE COURT: Again, I will let you ask him how many states they do business in. I think that is appropriate. If he does anything — I do not know if he will do cross now or call him as his witness. If they go into that, certainly that opens the door; but I do not think that just opens the door Wide open to how much money they made last year.

“[COUNSEL FOR SMITH]: All right, Judge.

“THE COURT: I will let you ask him about stockholders, if the employees own it, that type thing. I do not know any more about it except what he stated in opening statements; but I do not think that gives you an open door for the amount of money they made last year.
“[COUNSEL FOR SMITH]: What about the amount of premiums they made just on selling cancer policies for the last five years?
“THE COURT: If it is related to these type cancer policies. That is the only issue.”
Smith failed to object to the remarks made by counsel for MSLIC in its opening *658 statement and failed to object to the trial court’s ruling disallowing the evidence he wanted to present in rebuttal. I disagree with the majority’s conclusion that Smith was not required to object to the statement made by MSLIC’s counsel or to the trial court’s refusal to allow his questions regarding the total wealth of the company.
In Horton v. Continental Volkswagen, Inc., 382 So.2d 551 (Ala.1980), relied on by the majority, the Supreme Court of Alabama held that the trial court emd in overruling the plaintiff’s objections to the defendant’s characterization of itself as a small corporation. In Baldwin Mut. Ins. Co. v. Brantley, 518 So.2d 32 (Ala.1987), under facts similar to those in this case, the appellants objected to a question regarding the size of the company and a question regarding the wealth of the defendant company. The court held that questions regarding the size of the company were proper impeachment questions; the court also held that the appellants were not harmed by the question related to the company’s wealth because the witness answered “I don’t know.” Baldwin Mut. Ins. Co. v. Brantley, 518 So.2d at 35-36.
In his discussion of “curative admissibility” or “retaliatory admissibility,” Professor Gamble reviewed three cases. 1 Charles W. Gamble, McElroy’s Alabama Evidence, § 189.05(1) (5th ed.1996). Each of those cases involved objections to the questions or testimony regarding the company’s wealth. See Record Data Int’l, Inc. v. Nichols, 381 So.2d 1 (Ala.1979); Cities Serv. Oil Co. v. Griffin, 357 So.2d 333 (Ala.1978); Alabama Power Co. v. Bruce, 209 Ala. 423, 96 So. 346 (1923). Although in those cases the appellant objected to evidence regarding corporate wealth, I believe that the cases demonstrate that an objection is, as in other circumstances, necessary to preserve the issue for appellate review where evidence of corporate wealth is sought to be introduced.
In Record Data Int’l, Inc. v. Nichols, supra, counsel for-the appellant did not specifically object to a question regarding the company’s gross receipts. The Alabama Supreme Court held that any error was deemed to have been waived by the failure to timely object to the question. Record Data Int’l, Inc. v. Nichols, 381 So.2d 1 (Ala.1979). I would hold that Smith’s failure to object to the statement by MSLIC’s counsel and her failure to object to the trial court’s refusal to allow her questions regarding the total wealth of MSLIC preclude appellate review of the issue.
I would also note that Smith did not take advantage of the opportunity provided by the trial judge to question the witnesses as to the company’s size. The trial court, properly noting that the statement by counsel for MSLIC “opened the door” to some rebuttal evidence, stated that Smith could ask questions regarding the size of MSLIC. The trial judge allowed Smith to ask about the number of states in which MSLIC does business. The trial judge then stated that she would allow Smith to inquire into information regarding the stockholders and the amount of premiums that MSLIC collected on the type of policy at issue in the action. The trial judge also expressly stated that if MSLIC “opened the door” 'further on cross-examination, she would allow Smith to present additional evidence. However, Smith did not ask any questions on those issues allowed by the trial court. I do not believe that Smith should be granted a new trial, on the grounds that MSLIC “opened the door” when she did not take advantage of the trial court’s ruling and attempt to develop any evidence to the contrary at the original trial.
I believe the trial court erred in granting Smith’s motion for a new trial; therefore, I must respectfully dissent.
CRAWLEY, J., concurs.

. This motion was purportedly made pursuant to Rule 5(a), Ala. R.App. P.